## LAWRENCE *v.* MERRITT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 213. Argued April 10, 1888. — Decided April 23, 1888.

Tissue paper, mainly if not exclusively used for making letter-press copies of letters or written matter, when imported into the United States, is not subject to duty as " printing paper," under Schedule M, § 2504 Rev. Stat., but as " other paper not otherwise provided for."

THIS was an action to recover duties alleged to have been exacted in excess of law upon an importation of tissue paper. Judgment for defendant. Plaintiffs sued out this writ of error. The case is stated in the opinion.

*Mr. Edwin B. Smith* for plaintiffs in error.

*Mr. Solicitor General* for defendant in error.

Mr. Justice Miller delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the Southern District of New York.

The plaintiffs in error, Benjamin and Phineas Lawrence, brought suit in the court below against Edwin A. Merritt, the former collector of the port of New York, for the recovery of an alleged excess of duties levied by him and paid by them upon an importation of what is called "tissue paper." Schedule M of § 2504 of the Revised Statutes provides for the imposition of the following duties: "Paper, sized or glued, suitable only for printing paper, twenty-five per centum ad valorem ; printing, unsized, used for books and newspapers exclusively, twenty per centum ad valorem ; manufactured of, or of which paper is a component material, not otherwise provided for, thirty-five per centum ad valorem; sheathing paper, ten per centum ad valorem."

The collector classified the paper under the following clause on the same page:

" Paper hangings and paper for screens or fire-boards ; paper, antiquarian, demy, drawing, elephant, foolscap, imperial letter, and all other paper not otherwise provided for, thirty-five per centum ad valorem."

The plaintiffs thereupon protested that the paper which they had imported, instead of being assessed as it was by the collector under this latter clause at thirty-five per cent ad valorem, should have been assessed under the former clause as "paper . . . printing, unsized, used for books and newspapers exclusively," at twenty per cent ad valorem. From the testimony it appears that it was what is generally called "tissue paper," and was mainly if not exclusively used for making letter-press copies of letters or written matter. This is a well-known process, by which, after a letter has been written on ordinary paper, it is placed between the leaves of a book filled with this kind of paper, the pages upon which the copy is desired being usually dampened somewhat for that purpose, after which such book is subject to great pressure by means of a hand or other press. One or more impressions

may thus be made of the written matter upon the leaves of this tissue paper.

The judge of the Circuit Court, in speaking of the character of this paper, said to the jury : " I do not think that the words used in the statute have any technical meaning. You must take the statute as you find it and a common sense view of the case, and say whether or not this paper which has been produced here is paper which is used, exclusively for books and newspapers; and whether the law-makers intended, when they used this language, that such paper as has been described to you should come in and pay duty under that clause of the statute which provides for paper used exclusively for books and newspapers."

He also said that if they found that it was not printing paper used exclusively for books and newspapers, and should not come under this clause, then their verdict should be for the defendant. At the request of the attorney for the defendant he also charged the jury that if they found upon the evidence that the phrase " printing paper," as used in the trade, has a technical signification, and if the plaintiffs' importation in this case does not come within that signification, they should find a verdict for the defendant.

The verdict and the judgment were for the defendant.

We are of opinion that the charge of the court was correct, and that the verdict and judgment which followed it are without error. It is very obvious from the face of the statute that " printing paper, unsized, used for books and newspapers exclusively," does not include the kind of paper in question in this case, and it therefore falls within the class of manufactures of other paper not otherwise provided for, so that it was properly chargeable with the duty of thirty-five per centum ad valorem.

An ingenious argument is made by plaintiffs' counsel to show that the process of transferring the writing made upon sheets of the ordinary writing paper used for that purpose, by causing the ink with which it was written to soak or penetrate through one or more thicknesses of the kind of tissue paper which this is said to be, after the same have been prop-

erly dampened, is printing within the meaning of the statute, and therefore this paper, being used for that purpose, is " printing paper." We, however, think it is perfectly clear that this process is not printing, and that the use of this kind of paper, which is in controversy here, for that purpose, does not make it " printing paper."

The words of the statute, " paper, sized or glued, suitable only for printing paper," and " printing, unsized, used for books and newspapers, exclusively," evidently have reference to the various kinds of paper which are used for printing by means of type or plates, which make an impression only upon the face of the paper presented to them, and not to these kinds of tissue paper, so characterized on account of their thinness, used for the purpose of transferring writing by the penetration or soaking through of the liquid used therefor, so that the copy is read upon the side of the paper opposite to that presented to the original writing. The words of the statute cannot comprehend this species of tissue paper, which is merely used for the multiplication or copying of letters or other writings. Not being included within the true meaning of these phrases above quoted, it must then belong to that other and larger class of " all other paper not otherwise provided for." This is taxable at the rate of thirty-five per centum ad valorem, the amount which was actually levied and collected in this case.

We think the charge of the Circuit Judge on this subject, in connection with the testimony, was sound, and that it cannot be made much clearer by amplification.

The judgment of the Circuit Court is therefore

*Affirmed.*