## MATTER OF MORAN, PETITIONER.

No. 8, Original.   Argued October 15, 1906.—Decided November 5, 1906.

Where the order of the court having authority to designate the place of trial for a newly organized county in Oklahoma is as precise as circumstances permit, the fact that it merely names the town, there being no county or court buildings at the time of trial, does not affect the jurisdiction of the court, where it does not appear that the party complaining lost any opportunities by reason of no building being named.

Acts of the legislature of Oklahoma are not laws of the United States within the meaning of § 753, Rev. Stat.

The Fifth Amendment requiring the presentment or indictment of a grand jury does not take up unto itself the local law as to how the grand jury shall be made up, and raise the latter to a constitutional requirement.

Under § 10 of the Organic Act of Oklahoma of May 2, 1890, 26 Stat. 85, the place of trial of a crime committed in territory not embraced in any organized county is in the county to which such territory shall be attached at the time of trial, although it might have been attached to another county when the crime was committed.

Courts of Oklahoma Territory have jurisdiction to try a person for crime although committed in a part of the Territory not then opened for settlement, it appearing from the acts of Congress that title had passed to the Territory, and Congress was only exercising control so far as settlement was concerned.

Whether a person on trial is compelled to be a witness against himself contrary to the Fifth Amendment because compelled to stand up and walk before the jury, or because the jury was stationed during a recess so as to observe his size and walk, not decided, but *held* that it did not affect the jurisdiction of the trial court, and render the judgment void.

THE facts are stated in the opinion.

*Mr. Finis E. Riddle,* with whom *Mr. William I. Cruce* was on the brief, for petitioner:

The District Court that caused the indictment and trial of the petitioner was not organized as required by the act of Congress creating it. Sec. 69, p. 75, Wilson's Ann. Stat. of Oklahoma.

Both time and place are essential constituents of the organization of a court. *Hobart* v. *Hobart,* 45 Iowa, 503; *Columbus* v. *Woolen Mills Co.,* 30 Indiana, 436; *Greenwood* v. *Bradford,* 128 Massachusetts, 296; *King* v. *King,* 1 P. M. W. 19; *In re Allison,* 13 Colorado, 535; 21 Enc. Pl. & Pr. 608; *Northrup* v. *People,* 37 N. Y. 203.

When it is attempted to hold a term or session at a time and place different from those prescribed, all acts done thereat, other than those properly done in vacation, are as a general rule absolutely void. *Ex parte Cranch,* 63 Alabama, 283; *Boynton* v. *Wilson,* 46 Alabama, 510; *Garland* v. *Dunn,* 63 Alabama, 404; *Wrightnor* v. *Carsner,* 20 Alabama, 446; *Napper* v. *Nolan,* 9 Port. (Ala.) 218; *Nabor* v. *State,* 6 Alabama, 200; *Neal* v. *Shinn,* 49 Arkansas, 227; *State* v. *Williams,* 48 Arkansas, 225; *Grimet* v. *Askew,* 48 Arkansas, 151; *Chapman* v. *Holmes,* 47 Arkansas, 414; *Hamm* v. *State,* 22 Arkansas, 207; *Brumley* v. *State,* 20 Arkansas, 77; *Ex parte Jones,* 27 Arkansas, 349; *Ex parte Osborn,* 24 Arkansas, 379; *Dunn* v. *State,* 2 Arkansas, 229:

*Bates* v. *Gage,* 40 California, 183; *Clellan* v. *People,* 40 Colorado, 244; *American Fire Ins. Co.* v. *Pappe,* 4 Oklahoma, 110; *Irwin* v. *Irwin,* 2 Oklahoma, 180.

This court can go behind the judgment and conviction of the trial court and release a party imprisoned in case the uncontradicted record shows that his imprisonment is illegal. *Ex parte Neilson,* 131 U. S. 176, 182; *Ex parte Lang,* 18 Wall. 163; *Ex parte Seibold,* 100 U. S. 371; *Ex parte Yerger,* 8 Wall. 85; *Ex parte Virginia,* 100 U. S. 333; *Ex parte Carrol,* 106 U. S. 521; *Ex parte Yarbrough,* 110 U. S. 651; *Ex parte Bigelow,* 113 U. S. 328; *In re Cuddy,* 131 U. S. 288; *Ex parte Mayfield,* 141 U. S. 107, 116; *Ex parte Bain,* 121 U. S. 1; *In re Swan,* 150 U. S. 648.

Under certain circumstances the record of the trial court may be contradicted. *In re Elmira Steel Co.,* 5 Am. Bank. Rep. 505, and cases decided by this court, cited to support same.

The jurisdiction of any court may be challenged in any other court where its decrees or judgments are relied on, and the record of the judgment may be contradicted as to the facts necessary to give the court jurisdiction, and if it is shown that such facts did not exist the record will be a nullity, notwithstanding it may recite that such facts did exist. *Adams* v. *Terrill,* 4 Fed. Rep. 796; *Williamson* v. *Berrn,* 8 Pet. 540; *Elliott* v. *Piersol,* 1 Pet. 328; *United States* v. *Arredondo,* 6 Pet. 591; *Voorhees* v. *Bank of U. S.,* 10 Pet. 475; *Wilcox* v. *Jackson,* 15 Pet. 511; *Thompson* v. *Whiteman,* 18 Wall. 457; *Nooes* v. *Gas Light & Coke Co.,* 19 Wall. 58; Brown on Jurisdiction, 2d ed., §§ 101–103.

It was a prerequisite to a legal conviction of the petitioner that he should have been indicted by a legal grand jury.

If the legislature of the Territory of Oklahoma was without power to provide by law for the conviction of a person charged with a capital or otherwise infamous crime without a legal indictment, then the court is likewise without power and authority to disregard the laws which are in harmony with

the provisions of the Constitution, and by that means deprive one of its citizens of those fundamental rights which the legislature had no power to do.

The Circuit Court of Appeals erred in its decision in holding in effect that the legislature of Oklahoma could have provided by law for the conviction of the petitioner without the intervention and indictment of a grand jury. *Hurtado* v. *California,* 110 U. S. 516; *McNulty* v. *California,* 149 U. S. 645; *Clinton* v. *Englebrecht,* 13 Wall. 434, 448; *Hornbuckle* v. *Toombs,* 18 Wall. 648; *Thompson* v. *Utah,* 170 U. S. 344; *National Bank* v. *Yankton,* 101 U. S. 129; *Webster* v. *Reed,* 11 How. 433, 460; *Am. Pub. Co.* v. *Fisher,* 160 U. S. 464; *Springville* v. *Thomas,* 166 U. S. 707.

There was a local law of the Territory in force providing for selecting, empaneling, and organizing a grand jury and prescribing the qualifications of same, which was in conflict with the common law procedure and was exclusive, and the failure of the court to substantially follow its provisions and disregarding it in the manner of organizing a grand jury renders that body and its proceedings void was exclusive. *Sharp* v. *United States,* 138 Fed. Rep. 878; *Clinton* v. *Englebrecht,* 13 Wall. 434, 448; *Crowley* v. *United States,* 194 U. S. 461.

When the common law and the statute differ the common law gives place to the statute. *State* v. *Norton,* 23 N. J. L. 33; *Bent* v. *Thompson,* 5 N. H. 408; *Browning* v. *Browning,* 2 N. Mex. 371; *Leitensdorfer* v. *Webb,* 1 N. Mex. 345; *McKinner* v. *Winn,* 1 Oklahoma, 327; *Utah First Nat'l Bank* v. *Kinner,* 1 Utah, 100; *People* v. *Greene,* 1 Utah, 11; *Luhrs* v. *Hancock,* 181 U. S. 567; *Pyeatt* v. *Powell,* 51 Fed. Rep. 561.

The common law is impliedly repealed by a statute which is inconsistent therewith, or which undertakes to revise and cover the whole subject-matter. 9 Enc. Law & Proc. 376, and cases cited; *Township of Dubuque* v. *City of Dubuque,* 7 Iowa, 262; *In re Hughes,* 1 Bland, 46.

Criminal statutes cannot be extended to cases not included

within the clear and obvious import of their language. *United States* v. *Clayton*, Fed. Case, 14,814; *Territory* v. *Carmody*, 45 Pac. Rep. 881; *McGann* v. *Hamilton* (Conn.), 19 Atl. Rep. 376; *Bannigan* v. *State*, 24 Pac. Rep. 768.

The indictment under consideration, as shown by the record, was not in any sense valid and sufficient to give the court jurisdiction. *Ex parte Bonner*, 151 U. S. 254; *Levy* v. *Wilson*, 69 California, 105; *People* v. *Thurston*, 5 California, 69; *Brunner* v. *Supreme Court*, 92 California, 239; *People* v. *McNamara*, 3 Nevada, 75; *McEvoy* v. *State*, 9 Nebraska, 163; *Stokes* v. *State*, 24 Mississippi, 623; *Rainey* v. *State*, 10 Tex. App. 481; *Finley* v. *State*, 61 Alabama, 201; *Nordan* v. *State* (Ala.), 39 So. Rep. 406; *State* v. *Feizzell* (La.), 38 So. Rep. 444; *State* v. *Mercer*, 61 Alabama, 220; *United States* v. *Reynolds*, 1 Utah, 226; *Burley* v. *State*, 1 Nebraska, 390; *Dutell* v. *State*, 4 Greene (Iowa), 125; *Thorp* v. *People*, 3 Utah, 441; *State* v. *Parks*, 21 Louisiana, 251; *Nichols* v. *State*, 5 N. J. L. 543; *Crouch* v. *State*, 63 Alabama, 161; *Doyle* v. *State*, 17 Ohio, 222, and cases cited; *Lott* v. *State*, 18 Tex. App. 627; *People* v. *Coffman*, 24 California, 294; *McMillan* v. *State*, 19 Tex. App. 48; *Porter* v. *State*, 23 Mississippi, 578; Thompson & Merriam on Juries, §§ 492 *et seq.; United States* v. *Autz*, 16 Fed. Rep. 119; *United States* v. *Gale*, 109 U. S. 71.

The law in the Territory of Oklahoma relative to the selection, summoning, and organizing of a grand jury is a complete system and applies to the whole Territory, and it is specific and mandatory. Secs. 2907, 3310, 3313 Wilson's Ann. Stat. of Oklahoma.

The trial court overrode a plain statute and the petitioner did all he was called upon to do in order to protect his rights.

Under the organic act of Oklahoma the condition of that portion of the Territory wherein the alleged crime was committed at the date of its commission fixed the venue and place of trial, instead of the condition of that portion of the Territory at the date of final trial. *Post* v. *United States*, 161 U. S. 583.

The petitioner having been compelled, over his objection, to exhibit himself before the jury and walk in the presence of the jury while stationed outside of the court-room and out of the presence of the jury was compelled to give evidence against himself. 16 Am. & Eng. Ency. of Law, 2d ed., 818; *Agnew* v. *Jobson*, 13 Cox C. C. 621; *Blackwell* v. *State* (Ga.), 3 Crim. L. Mag. 393; *People* v. *McCoy*, 45 How. (N. Y.) 216; *State* v. *Jacobs*, 5 Jones (50 N. Car.), 259; *Day* v. *State*, 63 Georgia, 667; *People* v. *Mead*, 50 Michigan, 228; *Stokes* v. *State*, 5 Baxter (Tenn.), 619; 30 Am. & Eng. Ency. of Law, 2d ed., 1160; *Cooper* v. *State*, 86 Alabama, 610; *Davis* v. *State*, 131 Alabama, 10; *State* v. *Garrett*, 71 N. Car. 85; *State* v. *Graham*, 74 N. Car. 626; *Walker* v. *State*, 7 Texas App. 245; *State* v. *Nordstrom*, 7 Washington, 506; Underhill on Criminal Evidence, 65 *et seq.*; *Rice* v. *Rice*, 47 N. J. Eq. 559; *People* v. *Walcott*, 51 Michigan, 612; *Emery* v. *Case*, 117 Massachusetts, 181; *Boyd* v. *United States*, 116 U. S. 616, 641; *Councilman* v. *Hitchcock*, 142 U. S. 547, 566, 586.

The Federal court will interfere in the administration of a territorial court, and even a state court, in *habeas corpus* proceedings when said court, in the administration of the law of said Territory or State, disregards and denies a citizen his fundamental and constitutional rights, especially if said citizen has exhausted the ordinary modes of review by appeal or writ of error. *Ex parte Reggel*, 114 U. S. 642; *Re Converse*, 137 U. S. 624; *Hodgson* v. *Vermont*, 168 U. S. 262; *Brown* v. *New Jersey*, 175 U. S. 172; *Re Frederick*, 149 U. S. 70.

*Mr. Don C. Smith*, with whom *Mr. W. O. Cromwell*, Attorney General of the Territory of Oklahoma, was on the brief, for respondent:

Excepting in cases affecting ambassadors, other public ministers and consuls and those in which a State is a party, this court can issue the writ of *habeas corpus* only in aid of its appellate jurisdiction. *Ex parte Siebold*, 100 U. S. 371; *Ex parte Bollman*, 4 Cranch, 75; *Ex parte Watkins*, 3 Pet. 202;

*Ex parte Wells,* 18 How. 307, 328; *Ableman* v. *Booth,* 21 How. 506; *Ex parte Yerger,* 8 Wall. 85.

The jurisdiction of this court remains almost as originally conferred by the Judiciary Act of 1789. We contend that it is not and that the matter of the legality or illegality of the grand jury which returned the indictment goes only to the regularity of the proceedings had and not to the jurisdiction of the court. *Ex parte Harding,* 120 U. S. 782.

It is sufficient to maintain the authority of the grand jury to investigate criminal charges and find indictments valid in their nature, that the body acted under the color of lawful authority. *People* v. *Petria,* 92 N. Y. 128; *People* v. *Dolan,* 6 Hun, 232; *Dolan* v. *People,* 6 Hun, 493; *S. C.,* 64 N. Y. 485; *Carpenter* v. *People,* 64 N. Y. 483; *Thompson* v. *People,* 6 Hun, 135; *People* v. *Jewett,* 3 Wend. 314; *Cox* v. *People,* 80 N. Y. 500; *Friery* v. *People,* 2 Keyes, 450; *Ferris* v. *People,* 31 How. Pr. 145. See also *Griffin's case,* Chase's Dec., 364; *Ex parte Ward,* 173 U. S. 452; *Shehan's case,* 122 Massachusetts, 445; *Fowler* v. *Bebee,* 9 Massachusetts, 231, 235; *People* v. *Bangs,* 24 Illinois, 184, 187; *In re Manning,* 76 Wisconsin, 357; *S. C.,* 139 U. S. 504; Church on Habeas Corpus Transactions, 256, 257, 259; *Ex parte Watkins,* 3 Peters, 193; *Ex parte Parks,* 93 U. S. 18, 23; *Ex parte Yarbrough,* 110 U. S. 651; *Ex parte Crouch,* 112 U. S. 178; *Ex parte Wilson,* 114 U. S. 421.

The principle which authorized the action of the court in obtaining petit jurors in this case, after the statutory measures had been exhausted, is sanctioned by authority. *Clawson* v. *United States,* 114 U. S. 477.

Mr. Justice Holmes delivered the opinion of the court.

This is a petition for a writ of *habeas corpus* and a writ of certiorari, brought by a person imprisoned on a conviction for murder, alleging that the judgment under which he is held is void. A rule to show cause was issued and the case

was heard on the petition and answer.  The various grounds upon which the petition is supported are alleged to go to the jurisdiction of the trial court.  *Ex parte Harding*, 120 U. S. 782.  See *New v. Oklahoma*, 195 U. S. 252.  A writ of *habeas corpus* for the same causes was heard by the Circuit Court of Appeals and discharged.  *Ex parte Moran*, 144 Fed. Rep. 594. The judgment also was affirmed by the Supreme Court of the Territory in which the petitioner was tried.  *Moran* v. *Territory*, 14 Oklahoma, 544; *S. C.*, 78 Pac. Rep. 111.

The petitioner was tried in the District Court for Comanche County in the Territory of Oklahoma.  The first ground now relied upon is that the court was not duly organized under the act of Congress requiring the Supreme Court to define the judicial districts, and to fix the times and places at each county seat where the District Court shall be held.  The order of the Supreme Court went no further in the way of fixing the place than to specify Lawton for the county of Comanche. This order was made on January 15, 1902, about six months after the land, which had been Indian territory, was opened for settlement and the county created.  At that time and at the time of the trial there were no county or court buildings in the county.  The order of the Supreme Court was as precise as the circumstances permitted it to be, and the failure to specify a building did not go to the jurisdiction of the trial court.  There is no pretense that the petitioner lost any opportunities by reason of no building being named.

The next ground argued is that the laws of the Territory were not followed in the selection of the grand jury, because the persons selected were not electors of the Territory and some of them were nonresidents, with other subordinate matters.  The order for the summons stated the reason, which was that there had been no election held in the county, and there were no names of jurors in the jury-box; whereupon the presiding judge ordered the sheriff to summon twenty persons from the body of the county.  We have heard no answer to the material portion of the reasoning of the Circuit Court of Appeals

upon this point. If the legislature of Oklahoma had prescribed the method of selection followed, that method would not have violated the Constitution or any law or treaty of the United States. If it did prescribe a different one, a departure from that was a violation of the territorial enactment alone. The acts of the legislature of Oklahoma are not laws of the United States within the meaning of Rev. Stat. § 753. If any laws have been violated it is the latter one. Therefore the petitioner is not entitled to release on this ground under Rev. Stat. § 753. The Fifth Amendment, requiring the presentment or indictment of a grand jury, does not take up unto itself the local law as to how the grand jury should be made up, and raise the latter to a constitutional requirement. See *Rawlins* v. *Georgia*, 201 U. S. 638. It is unnecessary to consider whether the judge went beyond his powers under the circumstances. See *Clawson* v. *United States*, 114 U. S. 477. But it is proper to add that while the reason which we have given is logically the first to be considered by this court, we do not mean to give any countenance to the notion that if the law was disobeyed it affected the jurisdiction of the court. *Ex parte Harding*, 120 U. S. 782. *In re Wilson*, 140 U. S. 575.

The third ground on which the jurisdiction of the trial court is denied is, that, on August 4, 1901, the date of the commission of the crime, the place was within territory not embraced in any organized county, and was attached for judicial purposes to Canadian County. By the Oklahoma Organic Act, May 2, 1890, c. 182, § 9, 26 Stat. 85, 86, this is provided for, and by § 10 such offenses shall be tried in the county to which the territory "shall be attached." It is argued that there had been no law passed changing the place of trial or affecting the order of the Supreme Court attaching the territory to Canadian County. But the very words quoted from § 10 look to the state of things at the time of trial. At that time Comanche County had been organized, and a term of court fixed for it by the order of the Supreme Court dated January 15, 1902. The meaning of this order, so far as the

power of the Supreme Court went, is plain. The statute gave the petitioner no vested right to be tried in Canadian County, and his trial in Comanche County conformed to its intent. See *Post* v. *United States,* 161 U. S. 583.

The fourth ground is, that, as the crime was committed on August 4, 1901, two days before the opening of the land for settlement, the place was still under the exclusive jurisdiction of the United States, and therefore the crime was punishable under Rev. Stat. § 5339 alone. The order of the President with regard to the conditions of settlement and entry are referred to as confirming the argument. But those orders were intended merely to carry out the acts of Congress governing the matter. There is no doubt that Congress was exercising control so far as settlement was concerned. But there is equally little doubt that the title to the territory had passed, that it had become part of the Territory of Oklahoma, and, as such, no longer under the exclusive jurisdiction of the United States within Rev. Stat. § 5339. Act of May 2, 1890, c. 182, §§ 1, 4, 6, 26 Stat. 81; act of June 6, 1900, c. 813, 31 Stat. 677; act of March 3, 1901, c. 846, 31 Stat. 1093. See *Bates* v. *Clark*, 95 U. S. 204; *Buster* v. *Wright*, 135 Fed. Rep. 947, 952; *Ex parte Moran*, 144 Fed. Rep. 594, 602. Therefore the application of the territorial statute was not excluded and the murder was a violation of the territorial law.

Finally it is contended that the petitioner was compelled to be a witness against himself, contrary to the Fifth Amendment, because he was compelled to stand up and walk before the jury, and because, during a recess, the jury was stationed so as to observe his size and walk. If this was an error, as to which we express no opinion, it did not go to the jurisdiction of the court. *Felts* v. *Murphy*, 201 U. S. 123.

*Rule discharged. Writs denied.*