CONNELLA v. HASKELL, Warden.

(Circuit Court of Appeals, Eighth Circuit. November 27, 1907.)

No. 2,535.

1. HABEAS CORPUS—FEDERAL COURTS—SCOPE OF WRIT—STATUTES.

A person imprisoned pursuant to a judgment of a territorial court for violation of a territorial law is not in custody under or by virtue of the authority of the United States, so that, on a writ of habeas corpus sued out of a federal court, the case is to be regarded as not differing from one of imprisonment on a judgment of a state court for violation of a state law, within Rev. St. § 753 [U. S. Comp. St. 1901, p. 592], providing that the writ shall not extend to a prisoner in jail, unless he is in custody in violation of the Constitution or of a law or treaty of the United States.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 38.]

2. SAME—GROUNDS.

Where petitioner for a writ of habeas corpus had been convicted for violating a territorial law, it was not ground for habeas corpus that the laws of the territory were not complied with in the selection of the grand jury that indicted him, in that the grand jurors were not drawn from the various precincts in the proportion the voting population therein bore to the population of the entire county, and that the election judges who drew the jurors did not take the prescribed oath in accordance with the laws of the territory, and that like omissions occurred in the selection of the petit jurors.

3. SAME—SCOPE OF WRIT—SEARCHING RECORD.

A writ of habeas corpus does not search the record for errors committed in the exercise of jurisdiction, and cannot be employed to perform the office of a writ of error or an appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 4.]

4. SAME—DEFECTS IN INDICTMENT—DUPLICITY.

That an indictment charged more than one offense, in violation of the laws of the territory where petitioner was convicted, was a mere error of procedure, which did not divest the trial court of its power to render judgment, and was, therefore, not ground for petitioner's discharge on habeas corpus.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 25.]

5. CRIMINAL LAW—SENTENCE—PREJUDICE—TERMS OF IMPRISONMENT RUNNING CONCURRENTLY.

Where petitioner was convicted in a territorial court of two offenses under a territorial law for which the punishment prescribed was imprisonment for not to exceed seven years, and was sentenced to imprisonment for five years on each conviction, the terms to run concurrently, he was not so prejudiced by the court's failure to comply with a statute providing that where a person is convicted of two or more crimes the sentence shall be cumulative that he should be released on habeas corpus by a federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 3183–3188.]

6. HABEAS CORPUS—GROUNDS—IMPROPER SENTENCE.

Where petitioner was convicted of two offenses, for each of which he could have been sentenced to seven years' imprisonment, but was sentenced to five years' imprisonment for each offense, the terms to run concurrently, the sentence could not be held void on habeas corpus, because the statute of the territory in which petitioner was convicted required such a sentence to be cumulative.

7. SAME.

Where a sentence imposed on petitioner was excessive, he could not obtain his discharge on habeas corpus while serving the portion which the court had power to impose.

8. CRIMINAL LAW—JUDGMENT—SIGNATURE.

Where the record of the conviction of accused duly authenticated by the clerk, recited the session of the court, the presence of the judge and other officers, and the rendition of the judgment, the signature of the judge was unnecessary to the validity of the judgment entered.

9. HABEAS CORPUS—SCOPE OF WRIT—FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

Where petitioner was convicted of an offense in a court of the territory of Oklahoma, and was sentenced to imprisonment in the Kansas State Penitentiary, where he was confined, the District Court of the United States for the District of Kansas, in habeas corpus proceedings against the warden of said penitentiary, was not entitled to review the proceedings of the Oklahoma trial court, as on appeal to the highest court of

Oklahoma, because of the diverse citizenship of the parties, and of Const. art. 3, § 2, providing that the judicial power of the United States shall extend to controversies between citizens of the different states.

[Ed. Note.—Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

Appeal from the District Court of the United States for the District of Kansas.

Rufus R. Connella, in pro. per.

W. O. Cromwell and Fred M. Klein, for appellee.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

HOOK, Circuit Judge. Rufus R. Connella was convicted in a court of the territory of Oklahoma of violating one of its penal laws and sentenced to imprisonment for five years in the Kansas State Penitentiary. Being confined there, and claiming that he was held under a void judgment, he petitioned the District Court of the United States for the District of Kansas for a writ of habeas corpus. His petition was denied, and he thereupon prosecuted this appeal. Before considering the grounds of petitioner's attack upon the judgment, we should first observe the limitations upon the power of the courts of the United States in cases of this character. The acts of the Legislature of a territory are not laws of the United States. Matter of Moran, 203 U. S. 96, 27 Sup. Ct. 25, 51 L. Ed. 105; Ex parte Moran, 144 Fed. 594, 75 C. C. A. 396. A person imprisoned, pursuant to a judgment of a court of a territory for the violation of a territorial law, is not in custody "under or by virtue of the authority of the United States." The case is therefore to be regarded as not differing from one in which the imprisonment is by virtue of a judgment of a state court for a violation of a state law. As thus narrowed, the applicable provision of section 753 Rev. St. [U. S. Comp. St. 1901, p. 592], which confers jurisdiction upon courts of the United States, is:

"The writ of habeas corpus shall in no case extend to a prisoner in jail unless where he is * * * in custody in violation of the Constitution or of a law or treaty of the United States."

In Rogers v. Peck, 199 U. S. 425, 434, 26 Sup. Ct. 87, 89, 50 L. Ed. 256, it was said:

"It has been so frequently ruled by this court, that it is scarcely necessary to cite cases, that the federal courts will not by writs of habeas corpus undertake to reverse the proceedings of the state courts, while acting within their jurisdiction under statutes which do not conflict with the federal Constitution."

In Storti v. Massachusetts, 183 U. S. 138, 142, 22 Sup. Ct. 72, 73, 46 L. Ed. 120, the court said:

"Some of the matters presented involve only the construction of state statutes and should be determined by the courts of the state, whose determination in respect thereto is binding upon this court. It must be borne in mind that under section 763 (753) of the Revised Statutes, the jurisdiction of the federal court to issue a writ of habeas corpus is limited to 'the case of any person alleged to be restrained of his liberty in violation of the Constitution, or of any law or treaty of the United States,' and to cases arising under the laws of nations."

In Tinsley v. Anderson, 171 U. S. 101, 107, 18 Sup. Ct. 805, 808, 32 L. Ed. 91, the following appears:

"It is said that the imprisonment for contempt was limited by the state statute to three days (article 1101, Rev. St. Tex. 1895), but the state court held that that statute had reference to a quasi criminal contempt as a punishment, and not to a civil contempt, where the authority of the court is exercised by way of compelling obedience. Rapalje on Contempts, § 21. This is not a federal question, and we accept the ruling of the state court in its construction of the statute."

In Andrews v. Swartz, 156 U. S. 272, 275, 15 Sup. Ct. 389, 391, 39 L. Ed. 422, it was said:

"Whether, as is contended, the above statute in its application to capital cases is in violation of the Constitution of New Jersey is not necessarily a federal question, and upon that point we need not, therefore, express an opinion. The repugnancy of a statute to the Constitution of the state by whose Legislature it was enacted cannot authorize a writ of habeas corpus from a court of the United States unless the petitioner is in custody by virtue of such statute, and unless also the statute is in conflict with the Constitution of the United States."

It was held In re Wood, 140 U. S. 279, 11 Sup. Ct. 738, 35 L. Ed. 505, that if the laws of a state are valid a failure to comply with them in selecting grand and petit jurors will not authorize the discharge of a prisoner on habeas corpus by a court of the United States.

The petitioner contends that his imprisonment is illegal for seven reasons: (1) That the laws of the territory were not complied with in the selection of the grand jury that indicted him in that the jurors were not drawn from the various precincts in the proportions the voting population therein respectively bore to such population in the entire county; also, that the election judges who drew the jurors did not first take the oath prescribed. (2) That the same omissions occurred in the selection of the petit jurors. Like questions were presented in the Moran Cases, supra, and decided adversely to petitioner's contention. The Supreme Court said:

"If the Legislature of Oklahoma had prescribed the method of selection followed, that method would not have violated the Constitution or any law or treaty of the United States. If it did prescribe a different one, a departure from that was a violation of the territorial enactment alone." 203 U. S. 104, 27 Sup. Ct. 25, 51 L. Ed. 105. See, also, In re Wood, supra.

(3) That the laws of Oklahoma provide that an indictment must charge but one offense in respect of which there can be but a single verdict and judgment, whereas in petitioner's case the indictment charged two offenses, and there were two verdicts and two judgments. (4) That the laws of Oklahoma provide that when a person is convicted of two or more crimes the sentences shall be cumulative, whereas petitioner was sentenced to imprisonment for five years for each of the two offenses, the terms to run concurrently from a given date. As to these contentions it should be observed, aside from the limitations upon the power of courts of the United States in cases of imprisonment under judgments of local courts pursuant to local laws, that it is a settled rule that a writ of habeas corpus does not search the record for errors committed in the ex-

ercise of jurisdiction, and it cannot be employed to perform the office of a writ of error or an appeal. If the charging of two offenses in one indictment was erroneous, it did not affect the jurisdiction of the court. It was merely an error of procedure, and did not divest the trial court of its power to try the case and render judgment. In De Bara v. United States, 99 Fed. 942, 40 C. C. A. 194, it was held that error in the consolidation of indictments cannot be inquired into by habeas corpus. There is no substantial distinction as regards effect between an erroneous joinder in a single indictment and an erroneous consolidation of two indictments. Given jurisdiction of the offense and the party, each is an error in its exercise. Nor can we perceive how petitioner's rights were injuriously affected by concurrent instead of cumulative sentences. The indictment is not set forth in the petition. It is not important, so far as this proceeding is concerned, whether it contained two counts, each charging a distinct offense, or, as was permissible, two counts charging the same offense in different forms. The punishment for such offenses as were charged was imprisonment not exceeding seven years. The punishment imposed was imprisonment for five years, which was within the power of the court upon conviction under either count. This would be so even though the case were before this court on writ of error. Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 939, 38 L. Ed. 839; Evans v. United States (No. 2), 153 U. S. 608, 14 Sup. Ct. 934, 38 L. Ed. 830. Much less ground is there for declaring the sentence void when attacked on habeas corpus. (5) That the laws of Oklahoma provide that where persons are convicted of crime, and the exact period of imprisonment is not prescribed, the court imposing sentence shall limit the time, if longer than a year, so that it will expire between the months of March and November, whereas petitioner was sentenced to imprisonment for the term of five years from December 19, 1903. Without determining whether a court of the United States has power on habeas corpus to declare the sentence of a local court void for such a reason, and also passing various questions as to the construction of the local law, it is sufficient to say that the most petitioner could claim is that the sentence is excessive, and that the term should have been fixed to end the last day of October next preceding the expiration of five years from December 19, 1903. We do not say the claim would be well founded, for the law authorized imprisonment for not exceeding seven years, and had the attention of the court been directed to the matter now complained of it could have corrected it by enlarging the term. But were the sentence excessive, there should be no discharge while petitioner is serving that portion which the court had power to impose. In re Swan, 150 U. S. 637, 653, 14 Sup. Ct. 225, 37 L. Ed. 1207; United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; De Bara v. United States, supra. (6) That because of the foregoing reasons assigned, petitioner is deprived of his liberty without due process of law and in violation of the Constitution of the Unit-

ed States. This has already been considered in connection with the five preceding grounds. (7) That the judgments are void for the reason that there is no evidence that they are the judgments of the court as they were not signed by the judge. The petitioner furnished evidence of the judgments by attaching to his petition a transcript from the records of the court, duly authenticated by the clerk, which recited the session of the court, the presence of the judge and other officers thereof, and the procedings in question. The signature of the judge to the judgment entry was unnecessary.

It is urged that it was the duty of the District Court of the United States for the District of Kansas, from whose order this appeal was taken, to review the proceedings of the Oklahoma trial court to the same extent as the highest court in Oklahoma might have done, because petitioner was a citizen of the territory, and the warden of the penitentiary where he was confined was a citizen of Kansas, and therefore there existed the diversity of citizenship contemplated by section 2 of article 3 of the Constitution, which provides that the judicial power of the United States shall extend to controversies between citizens of different states. This involves numerous misconceptions, among them one as to the function of a writ of habeas corpus. The others need not be mentioned.

The order denying the writ is affirmed.