THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES LUCIANO, Appellant, *v.* THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.

The appellant was indicted by the grand jury sitting in connection with an Extraordinary Term of the Supreme Court in New York county. The indictment charged the defendant, in ninety separate counts, with violations of section 2460 of the Penal Law. A large number of these counts could be said to be separate transactions, as they occurred at different times and at different places. But the record indicates all of them were in pursuance of a common plan and scheme on the part of the defendant to violate that section. Such violations appear to have been the business, or the "racket," of the appellant; and doubtless, on the trial of any one of these counts, proof of the defendant's guilt as to each of the others could be offered in evidence, as part of a common plan and scheme.

The appellant insists that he had a substantial right, at the time the crimes were committed, to be tried for one crime at a time; and that the amendment to section 279 of the Code of Criminal Procedure (Laws of 1936, chap. 328) in form permitted the trial of all of these counts at the same time, and, therefore, as to the appellant, the amendment was *ex post facto,* and void. (U. S. Const. art. 1, § 10.) It is also the contention of the appellant that if the amendment to section 279 was invalid, and the court misinterpreted the statute in its application to him, it lost jurisdiction, and its judgment was a nullity.

The fact that there may be a serious question of law involved, as to whether the statute in question is applicable to the appellant, that question should be resolved

on appeal when the court has before it the record of the trial. And when a competent court has jurisdiction of the subject-matter and of the person, mere errors of law do not divest it of jurisdiction. These errors may be corrected on appeal.

Order affirmed.

Rhodes, McNamee and Crasper, JJ., concur; Hill, P. J., concurs upon the ground that neither this court nor the Special Term had jurisdiction; Heffernan, J., dissents in an opinion.

HEFFERNAN, J. (dissenting). With due regard for the opinion of my associates I cannot in reason and conscience adopt it in the proceeding under review.

The relator appeals from an order of the County Court of Clinton county dismissing a writ of habeas corpus by which he sought release from Clinton Prison. From the return to the writ and the proceedings had in the County Court it appears that the relator is held in custody by virtue of conviction at an Extraordinary Term of the Supreme Court upon sixty-two counts of an indictment containing ninety counts. During the trial a motion by the People to withdraw the remaining twenty-eight counts was granted. All of the counts upon which conviction was had were for violation of section 2460 of the Penal Law — each a felony. Distinct and separate offenses under that section, involving different persons and occurring on various dates, are set out. The offenses are alleged to have been committed on and prior to January 31, 1936. Sentence was imposed on each of the sixty-two counts, to run concurrently in some instances and consecutively in others, resulting in a total of from thirty to fifty years imprisonment being imposed. The fundamental issue presented by the writ is whether there was jurisdiction in the court under whose mandate the prisoner is held.

The relator's claim is that at the time of the alleged commission of the offenses the law provided that a man accused of felony could be indicted, tried and convicted upon but one offense at a time except for certain cases where the same acts gave rise to a charge of several crimes; that there has been included in the one indictment against him ninety separate and distinct charges of felony resulting in conviction upon sixty-two counts; that such indictment, trial and conviction rest solely upon the retroactive authority of section 279 of the Code of Criminal Procedure, as amended by chapter 328 of the Laws of 1936, effective April 9, 1936; that section 279 as so amended is *ex post facto* and unconstitutional as to the offenses charged against this relator and, consequently, that the judgment rendered against him is void. The amendment changed the law so as to permit the indictment, trial and conviction of a defendant upon more than one felony, as contrasted with the previous law which permitted only one distinct offense to be charged except in such cases as involved different crimes arising out of the same acts or the same crime charged in a different form. By the same chapter, section 2190 of the Penal Law was amended to permit more than one sentence and it was provided that the changes effected should apply to all cases, whether the alleged offenses were committed before or after the effective date of the act.

Counsel for respondent contends that the constitutionality of the amendments in question is not a proper subject of investigation on habeas corpus and bases his conclusions on the ground that the Supreme Court had jurisdiction of relator and of the crime of compulsory prostitition with which he is charged, and that however erroneous the judgment may be it is not void. It seems to us that the weight of authority both Federal and State is, however, to the effect that a court on habeas

corpus proceedings may inquire into the constitutionality of a statute under which a prisoner has been convicted and sentenced, and, if it proves to be unconstitutional, discharge him, and this too, irrespective of any other relief which may be available to him. The fact of the existence of another remedy does not necessarily preclude a resort to the writ of habeas corpus to obtain relief from illegal detention. The jurisdiction of a court to pronounce the judgment rendered in a particular case is always open to question under a writ of habeas corpus. (*People ex rel. Frey* v. *Warden*, 100 N. Y. 20.) I concede that on this appeal we may not review the judgment under which relator is detained nor examine errors or irregularities which can be corrected only by appeal. However, in this proceeding we must look at the jurisdiction of the court at the time it sentenced relator to imprisonment. In an admirable description of the function of the writ of habeas corpus, Judge Vann in his dissenting opinion in *People ex rel. Scharff* v. *Frost* (198 N. Y. 110, 118) characterized it as " the great writ of liberty, which, searching into jurisdiction with remorseless energy, opens prison doors and strikes off chains whenever a court has condemned without power."

Two questions arise: *First,* whether the change in the method of indictment, trial and sentence was of such a nature as to be *ex post facto* and beyond the power of the Legislature to make; and *second,* whether, if it be *ex post facto,* the result was to impair the jurisdiction of the court to try and sentence the relator.

Article 1, section 10, of the Constitution of the United States forbids the passage by any State of an *ex post facto* law. The United States Supreme Court has often construed this provision. The nearest approach to a general rule is that, while procedure may be changed, laws may not be given retroactive effect unless they leave untouched the substantial protections surrounding an accused person at the time of the commission of the crime alleged. Where changes are made involving what is usually denominated as procedure, the issue is whether they do infringe upon such substantial protection or otherwise affect the defendant in an arbitrary or oppressive manner. (*Beazell* v. *Ohio*, 269 U. S. 167.) In determining, therefore, whether the amendments now attacked are *ex post facto,* the inquiry is whether a substantial change in the protection previously established for an accused person has been accomplished by permitting him to be charged with, tried and sentenced for sixty-two separate and distinct felonies, whereas under the law in effect at the time of the commission of the offenses he could be charged, tried and convicted for only one at a time. It is not our function to pass upon the policy involved in changing the law to permit an accused to be tried for multiple offenses committed after the effective date of the law, nor does the relator argue that the amendments are unconstitutional in that respect. It is our duty, however, to say whether such a change works a substantial detriment to a person alleged to have committed offenses prior to the enactment of the amendments. To any one familiar with the history and development of criminal law and practice in England and in this country the charging a man with sixty-two separate and distinct felonies and simultaneous trial of all such charges is abhorrent. The Court of Appeals in *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559, 595) gave expression to the common thought on this subject, when it said: " If it were proposed at a Court of Sessions or Oyer and Terminer, at which a prisoner was arraigned for trial upon fifty separate indictments for as many different offenses, to try all the indictments at the same

time and before the same jury, the common sense of every layman, as well as lawyer, would revolt at the proposition." That commentary has its roots in a deep-seated and imperious sentiment of justice. Even the practice of trying seven separate charges of misdemeanor before the same set of judges has been criticized as apt to result in injustice. (*People* v. *Faden*, 271 N. Y. 435.) The Supreme Court of the United States likewise regarded " the multiplication of distinct charges * * * as tending to confound the accused in his defence or to prejudice him as to his challenges, * * * in the distraction of the attention of the jury, or otherwise." (*McElroy* v. *United States*, 164 U. S. 76; see, also, *Summers* v. *United States*, 231 id. 92.) These cases, as well as the whole trend of judicial expression over many years, make the conclusion inescapable that so great a change in the method of indictment and trial affects a substantial right.

In determining the question no issue arises as to the guilt or innocence of the relator. He is accused of the commission of a crime that is utterly revolting. If guilty his offense places him beyond the promptings of mercy or pity. However, out of this sordid controversy we must shape a principle. We have before us only the broad constitutional question and must be guided by the duty to interpret the law liberally, in favor of the right which it was intended to secure. (*Arndstein* v. *McCarthy*, 254 U. S. 71, 72.) The security due all citizens against the zeal of the public prosecutor, or public clamor for the punishment of crime, should not be impaired by any narrow or technical views in the application of constitutional safeguards. (*People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219, 227.) It has been frequently said that the preservation of the constitutional guaranties affecting the life and liberty of citizens is far more important to the great body of the people than the escape of the greatest offender. (*People ex rel. Tweed* v. *Liscomb, supra.*) Encroachment on these liberties is always gradual and always dangerous. (*Boyd* v. *United States*, 116 U. S. 616, 635.) In our view, the law is clearly *ex post facto*, unconstitutional and void as to the offenses here charged to have been committed before its passage.

There remains the effect of this holding upon the jurisdiction of the court to try the case and enter the judgment under which the relator is imprisoned. A mere error in determining what falls within the recognized limits of the court's jurisdiction would not be fatal. So, if the case were merely one of determining whether several counts charged one crime in different forms, or more than one crime, a determination that only one crime was charged, even if erroneous, would be reviewable only on appeal. For the jurisdiction exercised would be the power to try and sentence for one crime, the right to determine that the case involved only one crime being a mere ancillary incident of the power granted. Here, the primary function or power exercised was to try and sentence simultaneously for multiple crimes. If the statute is bad, that power or function cannot exist; the attempted exercise of a non-existent function must be a nullity.

Whether the defect reaches all the way to the finding of the indictment need not be considered. That question was discussed in *United States* v. *Nye* (4 Fed. 888) and the court held that an indictment charging five crimes, when only three were permitted, could be cured by *nolle prosequi* of two before trial. Some reason for permitting such timely cure might be found in the rule that a man is placed in jeopardy when the trial begins. But here no remedy was effected or attempted. Indictment, trial and sentence rest upon the open assertion of an authority lacking

because the statute is void as to the offenses at bar. This goes beyond mere procedure and becomes, if effective for any purpose, a voluntary extension of power, which is fatal. The only cited case where such a course has been even inferentially considered is *Connella* v. *Haskell* (158 Fed. 285), where habeas corpus was denied upon a petition alleging that petitioner had been indicted, tried, convicted and sentenced upon an indictment charging two offenses. The indictment was not before the court, but it was said to be "not important" whether the indictment "contained two counts, each charging a distinct offense, or, as permissible, two counts charging the same offense in different forms." Apparently the court considered the case the ordinary one of a possibly erroneous misjoinder or consolidation. In such event, as has been indicated, the error, if any, would be in the exercise of a power not granted. The one case is predicated upon a finding which sustains jurisdiction; the other upon a finding which defeats it.

There being no direct authority in this State, we think the true rule logically to be applied here is that not only was the trial and sentence beyond jurisdiction, but the indictment itself was void as founded upon *ex post facto* legislation. Whatever of practical consideration might bend this logic to permit a trial court to proceed upon such an indictment after stripping it of counts which would render it void, it must remain true that jurisdiction of all counts fails when trial proceeds or sentence is pronounced under the authority of an *ex post facto* law.

Relator's conviction is a nullity. He has not been placed in jeopardy within the constitutional meaning of that term for the court was without jurisdiction to try or condemn him. Hence it follows that he may again be lawfully tried under separate legal indictments on all the charges contained in the void accusation.

The order appealed from should be reversed, the writ sustained and the relator discharged from custody.