## UNITED STATES v. WRIGHT.
### Cr. No. 10788.

United States District Court
D. Hawaii.
Jan. 13, 1954.

A. William Barlow, U. S. Atty., Edgar D. Crumpacker, Asst. U. S. Atty., Dist. of Hawaii, Honolulu, Hawaii, for plaintiff.

John E. Ahrens, Honolulu, Hawaii, for defendant.

WIIG, District Judge.

The Court has received from the United States Commissioner a report recommending that a warrant of removal issue, ordering the defendant, Vernestine Wright, to the Territory of Alaska. The Commissioner's report contains findings that a certified copy of an indictment returned by the grand jury for the District Court for the District of Alaska, Fourth Judicial Division, was produced and the defendant was identified by a witness. His recommendation is based upon Rule 40(b) (3), Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides in part, "If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment."

Defendant opposed the recommendation, contending that the Government does not have the right to invoke the aid of Rule 40 under the indictment in question, because it does not charge the commission of an offense against the United States.

The indictment charges the defendant and others with the offenses of assault

with intent to rob and robbery, in violation of sections of the Alaska Compiled Laws Annotated, 1949.

 Prior to the adoption of the Federal Rules of Criminal Procedure, September 1, 1945, the subject of removal was governed by 18 U.S.C.A. § 591. In United States v. Sloan, D.C. Mont., 61 F.Supp. 439, it was held that no authority was vested in the Court to order the removal of a defendant from Montana to Alaska under an indictment charging perjury in violation of the laws of Alaska. Reliance was placed by the Court on the leading case of Ex parte Krause, D.C., 228 F. 547, 549, wherein the Court refused to order the removal of a defendant to Alaska on a charge of kidnapping which was not an offense against the laws of the United States, but was an offense against the laws of the Territory of Alaska. The following from Ex parte Krause appears to state the law and the reasons for the law:

"It is fundamental that the United States courts, as such, can only entertain jurisdiction of offenses against the United States. If the offense charged is not an offense against the United States, this court would not have jurisdiction to try the petitioner if it had been committed within this district, and that, I think, is the criterion by which this issue must be determined. The question is not, Has the District Court of Alaska jurisdiction? for that court acts in a dual capacity, one in administering the laws of the United States, and the other in administering the local laws of the territory. The Supreme Court of the United States, in the Case of Coquitlam, [Coquitlam v. U. S.] 163 U.S. 346, 16 S.Ct. 1117, 41 L.Ed. 184, held that the District Court of Alaska is to be regarded as the Supreme Court of the territory, within the meaning of section 15 of the act of March 3, 1891 (26 Stat. 830, c. 517), and because of such status

and order of the Supreme Court, a decree of that court was subject to review by the Circuit Court of Appeals of the Ninth Circuit. Justice Harlan, in McAllister v. United States, 141 U.S. 174, 179, 11 S.Ct. 949, 951 (35 L.Ed. 693) said: 'It is clear that the District Court for Alaska was invested with the powers of a District Court and a Circuit Court of the United States, as well as with general jurisdiction to enforce in Alaska the laws of Oregon' —which, by section 7 of the act of May 17, 1884 (23 Stat. 24, c. 53), was declared to be the law of Alaska so far as they were applicable and not in conflict with the provisions of that act or of the laws of the United States, and held that a judge of the District Court of Alaska is not a judge of a court of the United States within the generally accepted meaning of that term. * * * The Compiled Laws of Alaska have no greater force than a law enacted by a territorial Legislature, subject to congressional approval, and as such, its provisions are not laws of the United States, and do not come within the cognizance of the United States courts. Maxwell v. Federal Gold & Copper Co. [8 Cir.], 155 F. [110], 111, 83 C.C.A. 570; In re Moran, 203 U.S. 96, 27 S.Ct. 25, 51 L.Ed. 105; United States v. Jones, Adms., 236 U.S. 106, 35 S.Ct. 261, 59 L.Ed. 488 [Ann.Cas.1916A, 316]. Chief Justice Marshall in United States v. Burr (No. 14,694) 25 Fed. Cas. [pp. 187], 188, says: 'No man can be condemned * * * in the federal courts on a state law.' Nor does it seem to me that the provisions of section 1014, supra [18 U.S.C.A. § 591], can be extended to territorial affairs as such."

 The Court is of the opinion that the adoption of the Federal Rules of Criminal Procedure did not modify the law as set forth in the cases of Krause and Sloan. Although Rule 54(a) (1)

provides that the rules shall apply to all criminal proceedings in the United States District Courts, including the District Court for the Territory of Alaska, there is no indication in any other rule or in the notes of the Advisory Committee on Rules that removal proceedings could be invoked under Rule 40 in cases of offenses against the laws of the Territory of Alaska, and the court is allowed discretion in removal proceedings to make inquiry concerning the propriety of issuing a warrant of removal. In United States v. Parker, D. C., 14 F.R.D. 146, 147, the Court said:

"Rule 40(b) (3) provides in part, 'If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment.' While the sentence is mandatory in terms, however, it does not destroy but only limits the exercise of discretion by the Court. The purpose in requiring that the judge must issue the order of removal was to make it a judicial, rather than a mere ministerial, act, so as to afford defendant reasonable protection. Tinsley v. Treat, 1907, 205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689; Beavers v. Henkel, 1904, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 882; United States v. Chiarito, D.C.Or.1946, 69 F.Supp. 317. It follows that in removal proceedings, the Court is allowed some discretion, and may make inquiry whenever special facts are disclosed that seem to make questionable the propriety of removal. United States v. Johnson, D.C.Or.1945, 63 F.Supp. 615."

The territories of Alaska and Hawaii have full and complete laws covering the extradition of persons charged with crimes, and the authorities in Alaska have an adequate remedy under those statutes for the return of a person such as the defendant for prosecution in the courts of that jurisdiction.

The Court finds that it has no authority to order the removal of the defendant, Vernestine Wright, to Alaska under this application, and the application is denied. The bond of the defendant will be canceled and she will be discharged.