SUMMERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,177.

INDICTMENT AND INFORMATION (§ 127\*)—OFFENSES—JOINDER—STATUTES—APPLICATION TO ALASKA.

Carter's Ann. Code Cr. Proc. Alaska, § 43 (Act March 3, 1899, c. 429, 30 Stat. 1290), providing that an indictment must charge but one crime and in one form only, was applicable only to the crimes and offenses specifically defined in the act providing the criminal laws for the District of Alaska, and did not prevent the application of United States Rev. St. § 1024 (U. S. Comp. St. 1901, p. 720), providing that when there are several charges against any person for the same act or transaction, or for two or more connected acts or transactions, or of the same class of crimes or offenses which may be joined, the whole may be joined in one indictment in separate counts, to an indictment for violation of the National Bank Act (Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497]), applicable to the whole United States.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 401, 402; Dec. Dig. § 127.\*]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska; Thomas R. Lyons, Judge.

C. M. Summers was convicted of violating the national bank act, and he brings error. Affirmed.

L. P. Shackleford and Shackleford & Bayless, for plaintiff in error. John Rustgard, U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was indicted under section 5209 of the Revised Statutes [U. S. Comp. St. 1901, p. 3497), relating to national banks, and was charged with 56 separate crimes thereunder. He demurred to the indictment on the ground that it violated section 43 of Carter's Alaska Code, p. 52 (Act March 3, 1899, c. 429, 30 Stat. 1290), which provides "that the indictment must charge but one crime and in one form only." The demurrer was overruled. The plaintiff in error elected to stand upon the demurrer, and refused to plead further. He was thereupon adjudged guilty of each one of the fifty-six crimes, and was sentenced accordingly.

The question presented on the writ of error is whether the procedure in the court below was controlled by section 1024 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), or by section 43 of the Alaska Code of Criminal Procedure. Section 1024 provides as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts, and if two or more indictments are found in such cases, the court may order them to be consolidated."

This section was carried into the Revised Statutes from Act Cong. Feb. 26, 1853, c. 80, 10 Stat. 161, entitled "An act to regulate the fees and costs to be allowed clerks, marshals, and attorneys of the Circuit and District Courts of the United States, and for other purposes." The act contains numerous provisions for carrying out the purposes thereof, including the regulation of the fees of officers, witnesses, and jurors, and contains the proviso that:

"In the state of California and the territory of Oregon, officers, jurors and witnesses shall be allowed for the term of two years, double the fees and compensation allowed by this act," etc.

It is contended that section 1024 never applied to territorial courts, but only to the United States Circuit and District Courts, for the reason that the title of the act of February 26, 1853, limits its scope to the Circuit and District Courts of the United States, and the enacting clause limits its application to officers, etc., "in the several states," and cases are cited which hold that the territorial court of Alaska is not a District Court of the United States. M'Allister v. United States, 141 U. S. 174, 11 Sup. Ct. 949, 35 L. Ed. 693; Steamer Coquitlam v. United States, 163 U. S. 346, 16 Sup. Ct. 1117, 41 L. Ed. 184. It may be conceded that, if the question of the applicability of the statute depends upon the question whether or not the District Courts of Alaska are District Courts of the United States, the section does not apply to procedure in the former. But the question is a broader one, and depends upon other considerations, and, first, we are to regard the intention of Congress as expressed in other legislation. By Act May 17, 1884, c. 53, 23 Stat. 24, entitled "An act providing a civil government for Alaska," it was provided:

"That the general laws of the state of Oregon now in force are hereby declared to be the law in said district, so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States."

By that act, Alaska became an organized territory, and was brought within the provisions of section 1891 of the Revised Statutes which declares:

"The Constitution and all laws of the United States which are not locally inapplicable, shall have the same force and effect within all the organized territories and in every territory hereafter organized, as elsewhere within the United States."

In Kie v. United States (C. C.) 27 Fed. 351, Judge Deady held that the District Court of Alaska had jurisdiction under sections 5339 and

5341, Revised Statutes (U. S. Comp. St. 1901, pp. 3627, 3628), to try and punish any inhabitants of the district for the crimes of murder or manslaughter, and that the law of Oregon defining those crimes and describing the punishment therefor was not in force in Alaska, that jurors must be selected in the manner provided by Act Cong. June 30, 1879, c. 52, 21 Stat. 43, and have the qualifications prescribed by the laws of Oregon.   Said the court:

"No law of Oregon is to have effect in Alaska if it is in conflict with a law of the United States.   There is such a conflict within the meaning of the statute, not only when these laws contain different provisions on the same subject, but when they contain similar or identical ones.   In the latter case, it is the law of Congress that applies, and not that of the state."

In Act March 3, 1899, c. 429, 30 Stat. 1253, entitled "An act to define and punish crimes in the District of Alaska, and to provide a code of criminal procedure for said district," the enacting clause was:

"That the penal and criminal laws of the United States of America and the procedure thereunder relating to the District of Alaska shall be as follows."

And section 2, c. 1, tit. 1, provides:

"That the crimes and offenses defined in this act committed within the District of Alaska shall be punished as herein provided."

Then follows a code of criminal procedure in which is found, under title 2, the section 43 above quoted "that the indictment must charge but one crime and in one form only."   From these provisions standing alone, it seems clear that it was the intention of Congress to make section 43 applicable only to the crimes and offenses specifically defined in the act.   The offense with which the plaintiff in error was charged is not one of those crimes or offenses, but is an offense against the laws of the United States, which was defined in section 5209 of the Revised Statutes (U. S. Comp. St. 1901, p. 5209).   In brief, the enacting clause provides for the procedure which shall be adopted in enforcing the penal and criminal laws which are contained in the Criminal Code of Alaska, and no others, and section 43 is a provision regulating procedure.

But it is said that a contrary intention is shown in the provisions of section 10 of chapter 4, tit. 2, and section 13 of chapter 5, tit. 2. Section 10 provides:

"That grand juries to inquire into crimes designated in title 1 of this act, committed or triable within said district shall be selected and summoned, and their proceedings shall be conducted in the manner prescribed by the laws of the United States with respect to grand juries of the United States District and Circuit Courts, the true intent and meaning of this section being that but one grand jury shall be summoned in each division of the court to inquire into all offenses committed or triable within said district, as well those that are designated in title 1 of this act, as those that are defined in other laws of the United States."

Section 13 provides:

"That the grand jury have power, and it is their duty to inquire into all crimes committed or triable within the jurisdiction of the court, and present them to the court, either by presentment or indictment, as provided in this act."

Whatever may be said of the meaning of section 10, and it is obscurely phrased in one particular, it cannot be construed as indicating the intention of Congress that the procedure before grand juries shall be governed in all respects by the provisions of the Alaska Criminal Code. As we construe it, section 10 is in harmony with section 2, c. 1, tit. 1, and affirmative of the meaning which we have given that section. It contemplates that the grand jury shall inquire into (a) all offenses designated in title 1, and (b) those offenses that are defined in other laws of the United States, thereby recognizing the dual jurisdiction of the territorial court, and it provides that the grand jury shall be selected and summoned, and that their proceedings shall be conducted in the manner prescribed by the laws of the United States with respect to grand juries of the District and Circuit Courts. The dispute is over the meaning of the clause, "and their proceedings shall be conducted in the manner prescribed by the laws of the United States with respect to grand juries of the United States District and Circuit Courts." What is the manner prescribed by the laws of the United States? Clearly as to offenses against the United States, it is the proceeding defined in the statutes of the United States, and as to all offenses coming within the provisions of the Criminal Code of Alaska, which is also a "law of the United States," it is the manner prescribed therein, for it was evidently not the intention of the section to make laws of the United States with respect to procedure before grand juries of the Circuit and District Courts applicable to those offenses. To hold so would be to contradict the very purpose of the act. There is no difficulty in the way of construing section 13 in harmony with section 2 of chapter 1, tit. 1, and section 10 of chapter 4, tit. 2. The clause "and present them to the court, either by presentment or indictment as provided in this act," refers to all offenses committed or triable within the jurisdiction of the court, both offenses against the Criminal Code of Alaska, and offenses against other laws of the United States, and the words, "as provided in this act," do not limit the procedure to that which is defined in the Criminal Code, but extend it to that which is provided for the trial of other offenses against the laws of the United States, as indicated in said section 10, which is also a part of "this act."

But, aside from the intention of Congress as expressed in the acts specifically relating to Alaska which we have just considered, there is no substantial reason why that clause in the act of February 26, 1853, which became section 1024 of the Revised Statutes, does not now apply to all territorial courts as well as to the Circuit and District Courts of the United States in all cases of offenses against the laws of the United States. It is a general provision, and there is to be found in the act itself and in the subsequent amendment thereof ground for holding that it was the intention to apply it to all courts of the United States, whether in states or territories. The principal object of the act of February 26, 1853, was to reduce the fees and costs of clerks, marshals, and attorneys, etc., in the

Circuit and District Courts of the United States, as appears in its title, to which was added "and for other purposes." The enacting clause declares:

"That in lieu of the compensation now allowed by law to attorneys, * * * clerks of the District and Circuit Courts, marshals, witnesses, jurors, commissioners and printers in the several states, the following and no other compensation shall be taxed and allowed."

In the General Appropriation Act March 3, 1855, c. 175, § 12, 10 Stat. 671, it was provided that the provisions of the act of February 26, 1853, "are hereby extended to the territories of Minnesota, New Mexico, and Utah, as fully in all particulars as they would be had the word 'territories' been inserted in the sixth line after the word 'states,' and the same had read 'in the several states and in the territories of the United States.'" It is true that there were at that time other territories of the United States than those which were specifically named. But in the Revised Statutes, in section 823 (U. S. Comp. St. 1901, p. 632), it was provided that the fees as established by the act of February 26, 1853, shall be taxed and allowed "in the several states and territories," and although section 1024, the purpose of which was also to reduce the fees of officers, was detached from its connection with the regulation of fees which it had in the act of March 3, 1855, it should be held that it was intended to be a general provision of criminal procedure applicable to all prosecutions of offenses against the United States committed in the states and territories. In dealing with such offenses the territorial courts, although not included within the designation Circuit and District Courts of the United States, are nevertheless courts of the United States. United States v. Haskins, 3 Sawy. 262, Fed. Cas. No. 15,322; Price v. McCarty, 89 Fed. 84, 32 C. C. A. 162; Embry v. Palmer, 107 U. S. 3, 9, 2 Sup. Ct. 25, 27 L. Ed. 346.

Counsel for the plaintiff in error cite a line of decisions, such as Clinton v. Englebrecht, 13 Wall. 434, 20 L. Ed. 659; Hornbuckle v. Toombs, 18 Wall. 648, 21 L. Ed. 966; Good v. Martin, 95 U. S. 90, 24 L. Ed. 341; Reynolds v. United States, 98 U. S. 145, 25 L. Ed. 244; Miles v. United States, 103 U. S. 304, 26 L. Ed. 481; United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; Fitzpatrick v. United States, 178 U. S. 304, 20 Sup. Ct. 944, 44 L. Ed. 1078—as authority for the proposition that both under the act of May 17, 1884, providing for a civil government for Alaska, and under the act of March 3, 1899, the law of Oregon was adopted as the rule of procedure in all cases in the District of Alaska. It is true that these decisions hold that the territorial courts are not courts of the United States, but are legislative courts of the territories, and that in the manner of summoning and impaneling jurors, the practice, pleadings, forms, and modes of procedure, qualifications of witnesses, and forms of indictment prescribed by statute for the Circuit and District Courts of the United States have no application to them, but that they are required to follow the territorial law in all those respects, unless it be otherwise provided

by a statute of the United States. But in Page v. Burnstine, 102 U. S. 664, 26 L. Ed. 268, it was held that section 858 of the Revised Statutes (U. S. Comp. St. 1901, p. 659), which declares that "in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court," applies to the courts of the District of Columbia as fully as to the Circuit and District Courts of the United States. The court said:

"These views do not at all conflict with the previous decisions of this court holding that certain provisions of the General Statutes of the United States relating to the practice and proceedings in the 'courts of the United States' are locally inapplicable to territorial courts. Those decisions, it will be seen, proceeded upon the ground mainly that the Legislatures of the territories referred to, in the exercise of power expressly conferred by Congress, had enacted laws covering the same subjects as those to which the General Statutes of the United States referred. It was therefore ruled that the territorial enactments, regulating the practice and proceedings of territorial courts, were not displaced or superseded by general statutes upon the same subject passed by Congress in reference to 'courts of the United States.' Clinton v. Englebrecht, 13 Wall. 434 [20 L. Ed. 659]; Hornbuckle v. Toombs, 18 Wall. 648 [21 L. Ed. 966]; Good v. Martin, 95 U. S. 90 [24 L. Ed. 341]. No such state of case exists here. The reasons assigned for the conclusion reached in those cases have no application to the question before us."

The decision in Fitzpatrick v. United States, 178 U. S. 304, 20 Sup. Ct. 944, 44 L. Ed. 1078, is not authority for a contrary view, notwithstanding that the crime charged was a murder in a "place or district of country under the exclusive jurisdiction of the United States," as defined in Rev. St. § 5339 (U. S. Comp. St. 1901, p. 3627), and that the court held that the sufficiency of the indictment was to be determined by the law of Oregon as extended to Alaska under the act of May 17, 1884, and not by the common law. There was no question there of the application of a statute of the United States regulating procedure as against the procedure so adopted for Alaska. The purport of the decision was that the Law of Oregon was not inapplicable, and was not in conflict with the provisions of the act of May 17, 1884, or the laws of the United States.

The judgment is affirmed.