Ex parte KRAUSE.

(District Court, W. D. Washington, N. D.   November 23, 1915.)

No. 3166.

1. CRIMINAL LAW ⬤⇒242—REMOVAL OF ACCUSED TO ANOTHER DISTRICT FOR TRIAL—"OFFENSE AGAINST THE UNITED STATES."

Rev. St. § 1014 (Comp. St. 1913. § 1674), provides that for any crime or offense against the United States the offender may be arrested and imprisoned for trial, and that, where an offender is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where he is imprisoned to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had. Comp. Laws Alaska 1913, § 2099, adopts the common law of England, as adopted and understood in the United States, except as modified thereby, and section 2502 makes provision for extra-diting persons charged with felony in the district of Alaska and fleeing from justice. Comp. Laws Alaska 1913, § 410 (Act Cong. Aug. 24, 1912, c. 387, § 3, 37 Stat. 512), provides that all laws of the United States establishing the executive and judicial departments in Alaska shall continue in full force and effect until amended or repealed by act of Congress, and that except as therein provided all laws in force in Alaska shall continue in force until altered, amended, or repealed by Congress or the territorial Legislature, provided that the authority of the Legislature to alter, amend, and repeal laws shall not extend to the customs, internal revenue, postal, or other general laws of the United States. Held, that the crime of kidnapping, denounced by Comp. Laws Alaska 1913, § 1907, is not an "offense against the United States," and, though such offense is triable before the United States District Court for Alaska, the offender may not be removed from another district to Alaska under Rev. St. § 1014, especially as the Compiled Laws indicate that Congress distinguished between local laws affecting the territory of Alaska and laws affecting generally all of the states and territories.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 509, 510; Dec. Dig. ⬤⇒242.

For other definitions, see Words and Phrases, Second Series, Offense Against the United States.]

2. EXTRADITION ⬤⇒25—AUTHORITY AND DUTY TO DEMAND FUGITIVES—TERRITORIAL GOVERNORS.

Under Rev. St. § 5278 (Comp. St. 1913, § 10126), providing that, whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment or affidavit, etc., it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and delivered to the agent of the executive authority making the demand, the executive of a territory has the same rights and bears the same duties as the Governor of a state.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 29; Dec. Dig. ⬤⇒25.]

3. STATUTES ⬤⇒54—TERRITORIAL LEGISLATION—LEGISLATIVE POWER OF CONGRESS—OPERATION AND EFFECT OF STATUTES.

Congress, in adopting the Alaska Code, exercised its power as a local Legislature, rather than its power as a general government of the United States, and the Compiled Laws of Alaska have no greater force than a law enacted by a territorial Legislature subject to congressional approval.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 52; Dec. Dig. ⬤⇒54.]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Application by Edward Krause for a writ of habeas corpus. Petitioner discharged.

J. Grattan O'Bryan and Kazis Krauczunas, both of Seattle, Wash., for petitioner.

Clay Allen, U. S. Atty., and Winter S. Martin, Asst. U. S. Atty., both of Seattle, Wash., for respondent.

NETERER, District Judge. The petitioner alleges that he is restrained of his liberty by the United States marshal, who holds him under an order of removal to the United States District Court for the territory of Alaska; that he was arrested upon a warrant issued by Robert W. McClelland, United States commissioner for the Western district of Washington, Northern division, upon complaint filed by the United States district attorney charging the petitioner with the commission of a crime within the territory of Alaska, in violation of section 1907 of the Compiled Laws of the territory of Alaska, codified and arranged by act of Congress of August 24, 1912; that a preliminary hearing was had and petitioner bound over by the commissioner to the grand jury at Juneau, Alaska; and further alleges that, if a crime was committed, it was not an offense against the laws of the United States, but an offense against the laws of the territory of Alaska. On presentation of the petition an order was issued, and the United States marshal thereby directed to produce the petitioner before the court for such disposition as may be directed. Obedient to this order, the petitioner is produced in court.

[1] The issue presented is whether the petitioner shall be removed to the District Court of Alaska pursuant to the provisions of section 1014 of the Revised Statutes (Comp. St. 1913, § 1674). Much was said upon the argument on both sides as to the application of the provisions of this section to the offense charged, and several citations given by the respective parties claiming support for the positions assumed. An examination of the complaint upon which the warrant was issued and the several provisions of the laws of the territory of Alaska, together with the general extradition laws enacted by Congress, and expression of the courts upon similar issues, I think clarifies the situation.

It is urged that Judge Hanford held a fugitive from Alaska to be removable under the provision of this section. This holding it was alleged was in the case of Tiberg v. Warren, which was appealed to the Circuit Court of Appeals and is reported in 192 Fed. 458, 112 C. C. A. 596; but an examination of the case shows that this question was not an issue. The emphasis upon the suggestion is placed upon the argument in the brief of the United States district attorney before the Circuit Court of Appeals, in which reference was made to the application of this section. The issue in that case was the right to extradite under the provisions of section 5278, Revised Statutes (Comp. St. 1913, § 10126). If Judge Hanford in that case said that an offender under the Alaska Criminal Code, being present in this district, could be removed under section 1014, supra, it was purely obiter dictum.

It is fundamental that the United States courts, as such, can only entertain jurisdiction of offenses against the United States. If the offense charged is not an offense against the United States, this court would not have jurisdiction to try the petitioner if it had been committed within this district, and that, I think, is the criterion by which this issue must be determined. The question is not, Has the District Court of Alaska jurisdiction? for that court acts in a dual capacity, one in administering the laws of the United States, and the other in administering the local laws of the territory. The Supreme Court of the United States, in the Case of Coquitlam, 163 U. S. 346, 16 Sup. Ct. 1117, 41 L. Ed. 184, held that the District Court of Alaska is to be regarded as the Supreme Court of the territory, within the meaning of section 15 of the act of March 3, 1891 (26 Stat. 830, c. 517), and because of such status and order of the Supreme Court, a decree of that court was subject to review by the Circuit Court of Appeals of the Ninth Circuit. Justice Harlan, in McAllister v. United States, 141 U. S. 174, 179, 11 Sup. Ct. 949, 951 (35 L. Ed. 693) said:

"It is clear that the District Court for Alaska was invested with the powers of a District Court and a Circuit Court of the United States, as well as with general jurisdiction to enforce in Alaska the laws of Oregon"

—which, by section 7 of the act of May 17, 1884 (23 Stat. 24, c. 53), was declared to be the law of Alaska so far as they were applicable and not in conflict with the provisions of that act or of the laws of the United States, and held that a judge of the District Court of Alaska is not a judge of a court of the United States within the generally accepted meaning of that term.

The cases cited by the government do not appear to me to be to the issue. In Benson v. Henkel, 198 U. S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919, the Supreme Court of the District of Columbia is held to be a court of the United States within the meaning of section 1014, supra, authorizing the removal of a person charged with an offense against the United States. Much emphasis was placed by the government upon United States v. Haskins, Fed. Cas. No. 15,322. In that case Judge Hillyer, at page 215 of 26 Fed. Cas., says:

"The act of Congress, respecting fugitives from justice (1 Stat. 302), in pursuance of article 4, section 2, Const. U. S., provides a mode by which offenders against state and territorial laws, who have fled from justice, may be delivered up to the * * * state or territory demanding them, but makes no provision for the case of those persons who have committed offenses against the United States in one district and have fled to another."

These cases do not, it seems to me, help the complainant. They are all predicated upon an offense against the United States, which is the express requirement of section 1014, supra. If the offense here charged were an offense against the United States, there would be no question as to the duty of this court to order the removal. By act of Congress the territory of Alaska, under the Constitution and laws of the United States, became an inchoate state, not yet admitted, but organized, with separate Legislature, under a territorial Governor and other officers appointed by the President by consent of the Senate. The legislative power extended to all rightful subjects pertaining to local

self-government not inconsistent with the laws and Constitution of the United States. That Congress had in mind the different relation of the local laws of the territory and national laws with relation to extradition or removal, I think is made manifest by the provisions of the Alaska Criminal Code and the general provisions of Congress.

[2] Section 5278 of Revised Statutes, relating to fugitives from justice of a state or territory, makes provision for extraditing offenders. The executive of a territory, under this section, has the same rights and bears the same duties as the Governor of a state. In re Morgan (D. C.) 20 Fed. 298; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250. Section 2502, page 771, of the Laws of Alaska, makes special provision for extraditing a person charged with a felony, thereby recognizing local application of the local laws of Alaska. Section 410, Comp. Laws Alaska 1913 (Act August 24, 1912, c. 387, § 3, 37 Stat. 512), provides that all laws of the United States heretofore passed, establishing the executive and judicial departments in Alaska, shall continue in full force and effect until amended or repealed by act of Congress; that, except as therein provided, all laws in force in Alaska shall continue in full force and effect until altered, amended, or repealed by Congress or by the territorial Legislature; that the authority granted to the Legislature to alter, amend, modify, or repeal laws in force in Alaska shall not extend to the customs, internal revenue, postal, or other general laws of the United States.

There is, by this provision, clearly a line of demarcation placed by Congress between the local laws affecting the territory and laws affecting generally all of the states and territories. Section 2099 of the Laws of Alaska, supra, provide:

That "the common law of England as adopted and understood in the United States shall be in force in said district, except as modified by this act."

This expression, I think, further emphasizes the line of demarcation suggested, as it is fundamental that federal courts have no jurisdiction of common-law offenses, but are limited to acts made criminal by Congress, and Congress is charged with knowledge of this fact. The common-law offenses by this provision are placed in the came category and relation as the offenses defined by the Criminal Code, and it would hardly be contended that this court would have jurisdiction to direct the removal of an offender against the common law of the territory.

[3] The offense charged, kidnapping, is not an offense under any law of the United States to which my attention has been directed, or one cognizable by the United States courts as such, unless the adoption of the Alaska Code by Congress makes this an offense against the United States. Congress, in passing this law, exercised its power as a local Legislature rather than its power as a general government of the United States, Allen v. Myers, 1 Alaska, 114. The intention of Congress undoubtedly was to constitute the "Alaska Criminal Code," taken largely from the Oregon Criminal Code, which was extended to Alaska in 1884, a territorial act, as distinguished from the laws of the United States. Jackson v. United States, 102 Fed. 478, 42 C. C. A. 452; United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631.

The Compiled Laws of Alaska have no greater force than a law en-, acted by a territorial Legislature, subject to congressional approval, and as such its provisions are not laws of the United States, and do not come within the cognizance of the United States courts. Maxwell v. Federal Gold & Copper Co., 155 Fed. 111, 83 C. C. A. 570; In re Moran, 203 U. S. 96, 27 Sup. Ct. 25, 51 L. Ed. 105; United States v. Jones, Adms., 236 U. S. 106, 35 Sup. Ct. 261, 59 L. Ed. 488. Chief Justice Marshall, in United States v. Burr (No. 14,694) 25 Fed. Cas. 188, says: "No man can be condemned * * * in the federal courts on a state law." Nor does it seem to me that the provisions of section 1014, supra, can be extended to territorial affairs as such.

The authorities of Alaska are not without remedy; full and complete provision being made by the extradition laws, which are open to all the states and territories.

I think that the court has not the power to order the petitioner removed to the District Court of Alaska.