THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* JUAN CHAPARRO, Defendant and Appellee.

No. 4571.   Argued February 17, 1932.—Decided July 22, 1932.

*Pedro Baigés Gómez* for appellee.   *R. A. Gómez, Fiscal,* for appellant. *M. Cruz Horta, Special Assistant to United States Attorney,* as *amicus curiae.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The defendant in this case was charged with a violation of the National Prohibition Act consisting in having kept for sale about two quarts of yellow rum and one-half quart of anisette, alcoholic beverages containing more than one-half of one per cent of alcohol by volume.   In the district court the defendant moved for a dismissal of the prosecution and set forth his grounds therefor in a motion, the pertinent part of which textually reads as follows:

"*First:* That this case originated in the Municipal Court of Mayagüez, upon a complaint sworn by insular policeman José Montero Cintrón, wherein the defendant is charged with a supposed violation of the Prohibition Act.

"*Second:* The defendant alleges that the complainant in this case is an insular policeman, and hence not a federal agent authorized by law to institute the proceedings by a sworn complaint in a federal or insular court with jurisdiction to hear a cause of this nature.

"*Third:* That the offense attributed to the defendant is not one that charges him with being a public nuisance, nor is the action filed one that tends to abate or restrain said public nuisance, which is the only case where, in the purview of section 22, Title II, of the National Prohibition Act, any prosecuting attorney of any state or subdivision thereof, may conduct the prosecution.

"*Fourth:* That under section 2 of Title II of the National Prohibition Act only the commissioner of internal revenue, his assistants, federal agents and inspectors, may swear out warrants before the United States commissioners or other officers or courts authorized to issue warrants for the apprehension of such offenders, and may, subject to the control of the said United States attorney, conduct the prosecution. This being so, and since The People of the United States have not divested themselves of the power to institute and prosecute the case at bar, said insular policeman, José Montero Cintrón, who is an insular officer and not one of the federal officers enumerated in section 2 of Title II of the aforementioned Act, has no authority to institute the prosecution, as he has done it in the instant case.

"See the case of *People* v. *Zayas,* 41 P.R.R. 643–653.''

After hearing both parties the district court found for the defendant. From its opinion rendered we transcribe the following:

"The court is of opinion that in accordance with the holding in the case of *People* v. *Zayas,* 41 P.R.R. 643, the Nation, that is to say, The People of the United States, by the Act of September 21, 1922, conferred upon the courts of Puerto Rico concurrent jurisdiction over the offenses under the National Prohibition Act; but the Nation, by the provisions of said act, has not divested itself of the power to conduct the prosecution. This being so, only federal officers, or any one of those enumerated in section 2 of Title II of the aforementioned National Prohibition Act, are authorized to institute the prosecution in a case of this nature, that is, to file a complaint in a case like the present one.

"When Congress desired to vest authority to prosecute the case on nonfederal agents, it did so in an unequivocal manner. See section 22 of Title II of the National Prohibition Act, where proceedings to enjoin any public nuisance defined in the National Prohibition Act may be brought in the name of the United States by the Attorney General of the United States or by any United

States attorney or any prosecuting attorney of any state or subdivision thereof, or by the commissioner or his deputies or assistants.

"In the case of *Gambino* v. *United States*, 275 U. S. 310, the Supreme Court of the United States held, in effect, that 'the words, "any officers of the law," as used in section 26, Title II, of the National Prohibition Act, imposing the duty of arrest and seizure upon "any officers of the law," do not include state police officers so as to make them agents of the United States in making an arrest for illegal transportation of liquor.'

"The court is of opinion that the above decision of the Supreme Court of the United States definitely and clearly establishes that state police officers are not agents of the United States Government.

"For the foregoing reasons, the court is of opinion that police officer José Montero Cintrón, the complainant in this case, had no authority to institute the prosecution, that is, to present the complaint, and therefore the court orders that the cause be filed away, without costs."

Feeling aggrieved by that decision, the prosecuting attorney appealed to this Supreme Court. In our opinion, the decision appealed from should be reversed.

While this cause was pending, the U. S. Circuit Court of Appeals for the First Circuit reversed the judgment rendered by this Supreme Court in the case of *People* v. *Zayas*, 41 P.R.R. 643, on which the district court principally relied for dismissing the prosecution herein.

The Circuit Court of Appeals in its opinion began by transcribing the caption of the complaint, filed in the Municipal Court of Juana Díaz, and then went on to relate the history of the case and the successive statutes upon the subject, including the Act of September 21, 1922 (42 Stat. 993), which gave the insular courts concurrent jurisdiction with the federal courts. The court said:

"It is conceded by the Supreme Court of Porto Rico in its opinion in this case, and it reasonably must be, that this act conferred jurisdiction on the local insular courts over offenses for violation of the National Prohibition Act. It is also true that while that act states that the jurisdiction of the local insular courts over said offenses shall 'be the same which they now have over other

criminal offenses within their jurisdiction,' it does not expressly declare that the procedure in such courts in the prosecution of such offenses 'shall be the same' which now prevail as to other criminal offenses within their jurisdiction, and it was not necessary that it should, for section 10 of the Organic Act of March 2, 1917, expressly provided that 'all penal or criminal prosecutions in the local courts shall be conducted in the name and by the authority of "The People of Porto Rico,"' the same as section 41 of that act provided how prosecutions in the federal district court should be proceeded with, as above pointed out.

"Section 10 of the Organic Act of March 2, 1917 provides:

"'That all judicial process shall run in the name of "United States of America, ss, the President of the United States," and all penal or criminal prosecutions in the local courts shall be conducted *in the name* and *by the authority of* "The People of Porto Rico.". . .' (Italics supplied.)

"The offenses under the National Prohibition Act, of which jurisdiction is conferred upon the local insular courts by the Act of September 21, 1922, are criminal prosecutions which are authorized to be had in the local courts, and if the plain meaning of the language of section 10 is to be followed, then such prosecutions 'shall be conducted in the name and by the authority of "The People of Porto Rico."'

". . . The mere fact that the National Prohibition Act is a federal statute is not a sufficient reason, the local insular courts being given jurisdiction of prosecutions for its violation, for holding that such prosecutions shall be in the name of the United States, when section 10 expressly provides that 'all penal or criminal prosecution in the local courts shall be conducted in the name and by the authority of "The People of Porto Rico."' As it was within the power of Congress to confer jurisdiction on the local insular courts over offenses under the National Prohibition Act, it was equally within its power to say that, in the prosecution of such offenses in those courts, they should proceed in the name and by the authority of the people of Porto Rico. There can be no doubt that Congress, when it enacted the provisions above quoted from the Act of September 21, 1922, knew of the provisions of section 10 of the Organic Act of 1917, and intended that all criminal prosecutions in the local courts for offenses against the National Prohibition Act should be conducted as pointed out in section 10, the same as it knew, when it enacted section 3 of the Act of November 23, 1921, that section 41 of the Organic Act (48 USCA § 863) provided

the manner in which prosecutions of the National Prohibition Act in the United States District Court for Porto Rico should be conducted. *Ramos* v. *United States, supra,* 12 F. (2d) 761, at page 763." *People of Porto Rico* v. *Zayas,* 56 F. (2d) 336, 337–338.

In support of its conclusion, it cited and analyzed several cases decided by the Supreme Court of Hawaii and by the U. S. District Court for the District of the Canal Zone, and went on to say:

"The conclusion we here reach is sustained in principle by the case of *Summers* v. *United States,* 231 U. S. 92, 34 S. Ct. 38, 40, 58 L. Ed. 137. In that case a criminal prosecution had been brought against Summers in Alaska for a violation of the National Banking Act, which had been made applicable to that territory. The indictment contained fifty-six counts. Section 43 of the Criminal Code of Alaska (30 Stat. 1253, 1290) provided in part 'that the indictment must charge but one crime.' There the government contended that, because the offense charged was not defined by the Criminal Code of Alaska, section 43 of the Code had no application, and that the indictment was good under section 1024 of the Revised Statutes of the United States (18 USCA § 557), authorizing joinder of counts in federal indictments. The trial court sustained the contention of the government. The Circuit Court of Appeals for the Ninth Circuit affirmed the judgment (202 F. 457), but the Supreme Court of the United States reversed the Circuit Court of Appeals and held that the procedure provided for in section 43 of the Criminal Code of Alaska was applicable. In the course of its opinion it said:

" 'The trial court expressed its recognition of the difference between a district and circuit court of the United States and a territorial court, such as the district court of Alaska was expressed to be, but was of opinion that when the latter court exercises jurisdiction to enforce the laws of the United States, "not only the substantive law, but the machinery, the procedure which enables the court to enforce the substantive law," applied. The circuit court of appeals, in a circumstantial opinion, reached the same general result and considered that the Alaskan Code, by its title and some of its provisions, explicitly specialized the crimes relating to Alaska and the procedure applicable to them. The title of the act is, it was said, "An Act to Define and Punish Crimes in the District of Alaska, and to Provide a Code of Criminal Procedure

for Said District;'' the enacting clause is, ''That the penal and criminal laws of the United States of America, and the procedure thereunder relating to the District of Alaska, shall be as follows:'' and section 2, chapter 1, title 1, provides: ''That the crimes and offenses defined in this act, committed within the District of Alaska, shall be punished as herein provided.'' It was hence concluded that as the offense charged in the indictment was not one mentioned in the Alaskan Code, it was not one to be governed by the local procedure, but was left under the procedure prescribed in section 1024 of the Revised Statutes. The conclusion was fortified by a consideration of the genesis of the respective provisions. The result of the conclusion will be the existence of a dual procedure in the prosecution of different crimes committed within the same territorial jurisdiction. The result may have examples but it is certainly undesirable, and the systematic character of the Alaskan Code indicates a contrary intention.' '' 56 F. (2d) 339.

The decision thus rendered by the Circuit Court of Appeals clears the way for arriving at the conclusion maintained by the appellant, although it does not specifically determine the question raised by the defendant before the district court. We say that it clears the way, because it squarely and openly decides that there was granted to the insular courts not only jurisdiction to take cognizance of violations of the National Prohibition Act concurrently with the United States District Court for the District of Puerto Rico, but also power to exercise such jurisdiction in the manner authorized by law in ordinary criminal cases.

Another germane case, which comes closer to the concrete point involved is *Ex parte Prado*, 42 P.R.R. 758, where this Supreme Court said:

''The inference from the foregoing is that if Congress conferred concurrent jurisdiction upon the Insular magistrates and courts, and, under the law, the district attorneys are magistrates like the judges, such district attorneys are empowered to act by the very terms of the said Act of Congress. . . . .

''The same result would be reached, even though it were not concluded that the National Congress used the term 'magistrates' in 1922 in the same sense in which it had been used by the Insular Legislature in 1902. . . . .

"We hold the announced conclusion, because if the Congress conferred concurrent jurisdiction on the courts of Puerto Rico generally, it is evident that such jurisdiction was conferred on their officers, and regardless of the meaning of the term *magistrate* and the intention of the Congress when using it, it cannot be denied that district attorneys are officers of the courts of Puerto Rico, having specific legal duties to perform not only in criminal proceedings but also in civil proceedings in certain cases. . . . ."

The argument based on the existence of sections 2 and 22 of the National Prohibition Act, does not carry much weight. When the act became effective, only the federal agencies were charged with its enforcement, and it was natural that if in particular cases, such as those covered by section 22, jurisdiction was to be exercised also by any state officers, the lawmaker should specifically so declare. A like course was pursued when concurrent jurisdiction was conferred upon the insular courts of Puerto Rico. However, as not only special cases but all cases generally were to be covered, there was provided a general formula which, as we have seen, has been most liberally construed together with all its natural consequences.

The same thing can be said with respect to the citation of the case of *Gambino* v. *United States, supra.* Setting aside the difference in status that exists within the union between the State of New York and the organized but still unincorporated Territory of Puerto Rico, and confining ourselves to the National Prohibition Act, we perceive immediately that in New York the state officers have no concurrent jurisdiction to intervene as do those of the Territory of Puerto Rico. Moreover, the *Gambino* case, supra, did not involve any question as to who had presented or sworn the complaint, but a violation by police officers of the State of New York of the constitutional rights of the defendants guaranteed by the 4th, 5th, and 6th Amendments, in respect to unlawful searches and seizures. That we may have a more exact idea of the fundamental issues involved and

decided in that case, it seems advisable to transcribe the following paragraph from the opinion of the Supreme Court. It reads thus:

"The Government contends that the evidence was admissible, because there was probable cause, *Carrol* v. *United States,* 267 U. S. 132, 153, and also because it was not shown that the state troopers were, at the time of the arrest, search and seizure, agents of the United States. The defendants contend that there was not probable cause and that the state troopers are to be deemed agents of the United States, because sec. 26 of Title II of the National Prohibition Act imposes the duty of arrest and seizure where liquor is being illegally transported, not only upon the Commissioner of Internal Revenue, his assistants and inspectors, but also upon 'any officer of the law.' We are of opinion on the facts, which it is unnecessary to detail, that there was not probable cause. We are also of opinion that the term 'any officer of the law' used in sec. 26 refers only to federal officers, and that the troopers were not, at the time of the arrest and seizure, agents of the United States. Compare *Dodge* v. *United States,* 272 U. S. 530, 531."

If that is so; if the insular courts may, within the limits of their jurisdiction (*People* v. *Fuertes,* 41 P.R.R. 881) and in the usual manner, take cognizance of the violations of the National Prohibition Act; if the insular prosecuting attorneys intervene as such in the investigations and prosecutions instituted for violations of said act, and if the procedure therein is the same as that followed in the investigation and punishment of other offenses, how can it be concluded that in connection with those violations no application can be made of section 2 of the Act of 1908 (Session Laws, p. 147), which provides for the organization, regulation, and government of the Insular Police of Puerto Rico; of section 22 of the Code of Criminal Procedure of Puerto Rico, and of section 1 of the Act of May 28, 1904 (Laws of 1905, p. 12), which established the procedure for criminal trials in the municipal courts and authorized police officers to make complaints before the municipal courts and the justices

of the peace for the purpose of commencing prosecutions of public offenses within their jurisdiction?

In our opinion, they are applicable, and as there is involved in the instant case a misdemeanor of which the municipal court has jurisdiction, we must hold that the police officer who filed the complaint giving rise to the prosecution herein had authority to do so. For that reason, and as we stated at the beginning of this opinion, the decision appealed from should be reversed and the case remanded to the District Court of Mayagüez, where it was pending on appeal, for further proceedings in conformity with the law.

Mr. Justice Córdova Dávila took no part in the decision of this case.