## UNITED STATES v. SLOAN.

### No. 10671.

District Court, D. Montana.

June 18, 1945.

John B. Tansil, U. S. Dist. Atty., of Billings, Mont., for plaintiff.

Swanberg & Swanberg, of Great Falls, Mont., for defendant.

PRAY, District Judge.

In this proceeding the United States is seeking to remove the defendant in the above entitled cause from the District of Montana to the Territory of Alaska for trial on an indictment charging perjury, in falsely testifying before a United States Commissioner, in Alaska, in making his application for a marriage license and in stating that he had been married only once whereas in truth and in fact he had been married twice, and that he knew of no reason why the marriage ceremony could not be solemnized, whereas, as charged, he was then legally married to another woman, an interlocutory decree of divorce granted three years before not having been made final.

The contention of the defendant is that the government has not the right to invoke the aid of the removal statute under the indictment in question, which does not disclose the commission of an offense against the United States.

Section 591 of Title 18 U.S.C.A. begins as follows: "Section 591. Arrest and removal for trial. For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any United States commissioner, * * * be arrested or imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. * * *" This statute further provides for the removal of the offender to the district where the trial is to be had.

The general charge is perjury, committed as set forth in the indictment, in making application for a marriage license to a United States Commissioner in Alaska. The facts alleged in the indictment apparently are fully covered by the Territorial laws of Alaska, and describe an offense committed in violation of such laws.

Section 231, Title 18 U.S.C.A., defines perjury as follows: "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than $2,000, and imprisoned not more

than five years." On the question presented the material part of the above definition is found in the words "in any case in which a law of the United States authorizes an oath to be administered."

Counsel for the defendant contends that no such law of the United States can be found wherein a United States Commissioner has authority to administer an oath on an application for a marriage license, and the Court thus far has been unable to find such a law, and counsel for the government in the oral argument made no reference to such a law, and in fact seemed inclined to accept the views of counsel for the defendant in that respect, subject to further investigation.

If no law of the United States is involved, has the court the authority to order the removal of the defendant in this proceeding, or should the authorities in Alaska have resorted to a proceeding for the extradition of the defendant? The leading case on the subject and one which seems to be clearly in point is that decided by Judge Neterer in Ex Parte Krause, D.C., 228 F. 547, 549. In that case an attempt was made to remove a defendant to the Territory of Alaska on the charge of kidnapping which the court held was not an offense against the laws of the United States but was an offense against the laws of the Territory of Alaska.

The court stated therein: "It is fundamental that the United States courts, as such, can only entertain jurisdiction of offenses against the United States. If the offense charged is not an offense against the United States, this court would not have jurisdiction to try the petitioner if it had been committed within this district, and that, I think, is the criterion by which this issue must be determined. The question is not, Has the District Court of Alaska jurisdiction? For that court acts in a dual capacity, one in administering the laws of the United States, and the other in administering the local laws of the territory. The Supreme Court of the United States, in the case of Coquitlam, 163 U.S. 346, 16 S.Ct. 1117, 41 L.Ed. 184, held that the District Court of Alaska is to be regarded as the Supreme Court of the territory, within the meaning of section 15 of the act of March 3, 1891 (26 Stat. 830, c. 517), and because of such status and order of the Supreme Court, a decree of that court was subject to review by the Circuit Court of Appeals of the Ninth Circuit. Justice Harlan, in McAllister v. United States, 141 U.S. 174, 179, 11 S.Ct. 949, 951, 35 L.Ed. 693, said: 'It is clear that the District Court for Alaska was invested with the powers of a District Court and a Circuit Court of the United States, as well as with general jurisdiction to enforce in Alaska the laws of Oregon'—which, by section 7 of the act of May 17, 1884, (23 Stat. 24, c. 53), was declared to be the law of Alaska so far as they were applicable and not in conflict with the provisions of that Act or of the laws of the United States, and held that a judge of the District Court of Alaska is not a judge of a court of the United States within the generally accepted meaning of that term. * * * The Compiled Laws of Alaska have no greater force than a law enacted by a territorial Legislature, subject to congressional approval, and as such its provisions are not laws of the United States, and do not come within the cognizance of the United States courts. Maxwell v. Federal Gold & Copper Co., 155 F. [110], 111, 83 C.C.A. 570; In re Moran, 203 U.S. 96, 27 S.Ct. 25, 51 L.Ed. 105; United States v. Jones, Adms., 236 U.S. 106, 35 S.Ct. 261, 59 L.Ed. 488 [Ann. Cas.1916A, 316]. Chief Justice Marshall, in United States v. Burr, 25 Fed.Cas. [pages 187], 188, No. 14,694, says: 'No man can be condemned * * * in the federal courts on a state law.' Nor does it seem to me that the provisions of section 1014, supra [18 U.S.C.A. § 591], can be extended to territorial affairs as such."

Among other pertinent questions discussed in this decision, the Court calls attention to the fact that the authorities of Alaska have a full and complete remedy under the provisions of the extradition laws which are open to all the states and territories. It does not seem to this Court that the offense charged in the indictment as perjury in an application for a marriage license, made to a United States Commissioner in Alaska, is any more an offense against the laws of the United States than was the offense of kidnapping in the Krause case. It would appear that the intent of Congress was to treat the Criminal Code of Alaska as a territorial act as distinguished from the laws of the United States. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Jackson v. United States, 9 Cir., 102 F. 473.

In United States ex rel. McDermott v. Jaeger et al., 2 Cir., 126 F.2d 1002, 1003,

the Court held: "Whether the crime is an offense against the United States or is merely a local offense turns not on the procedural entitlement of the case but on the nature of the crime. If it were only a local offense then it seems that extradition would be required, as has been held with respect to Alaska, Ex Parte Krause, D.C. W.D.Wash., 228 F. 547, but the situation is otherwise as to a charge of a federal crime. United States v. Haskins, D.C. Cal. Fed.Cas.No. 15,322."

Consequently the Court is of the opinion that no authority is vested in the Court to order the removal of the defendant to Alaska, and such is the ruling herein.