**UNITED STATES ex rel. McDERMOTT v. JAEGER et al.**

**No. 199.**

Circuit Court of Appeals, Second Circuit.

March 10, 1942.

Loomis & Williams, of New York City (Homer L. Loomis, of New York City, of counsel), for appellants.

Harold M. Kennedy, U. S. Atty. of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellees.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

## PER CURIAM.

The appellees have moved for dismissal of the appeal by reason of the Act of June 29, 1938, 52 Stat. 1232, 28 U.S.C.A. § 463 (a). This abolished appeals in habeas corpus proceedings brought "to test the validity of a warrant of removal issued pursuant to the provisions of section 591 of Title 18 or the detention pending removal proceedings." The appellant replies that the Canal Zone Code provides for extradition, not removal, to and from the Canal Zone, that section 591 of Title 18, U.S.C.A., is not applicable to the case at bar, and therefore the right to appeal from dismissal of the writ is unaffected by the Act of June 29, 1938.

The petition for the writ of habeas corpus alleged that the persons of whose detention the relator complained were arrested by the United States Marshal for the Eastern District of New York by virtue of a warrant issued by a United States Commissioner based upon an information filed against them in the United States District Court for the District of the Canal Zone and bench warrants issued out of said court and returned "not found" by the marshal for the District of the Canal Zone. It was further alleged that the information did not state a crime against the United States; that the District Court for the District of the Canal Zone was without jurisdiction to find such information, and that there was no probable cause to believe the persons detained to be guilty of the crime charged against them. In the hearings before the commissioner and the court below no one suggested that the proceedings were not "removal proceedings" under 18 U.S.C.A. § 591. There can be no doubt that in fact the persons detained were taken into custody under color of the authority granted by the removal statute and that the writ sought to test the validity of their "detention pending removal." This being so, the United States attorney makes a persuasive argument that whether or not section 591 actually authorizes removal to the Canal Zone, the relator's attack upon the proceedings by writ of habeas corpus comes expressly within the proviso of 28 U.S.C.A. § 463(a), and the appeal must be dismissed.

■ We do not however find it necessary to determine this question, for in our opinion the removal statute is applicable to the case at bar. The crime with which the persons detained are charged—that of injuring a vessel of foreign registry while within the jurisdiction of the United States —is a crime against the United States which by express definition includes the Canal Zone. 18 U.S.C.A. § 502, 40 Stat. 221, 231. The court in which the information was filed is the United States District Court for the District of the Canal Zone and it has jurisdiction of the offense. Canal Zone Code, Tit. 7, §§ 21, 23, 26; 18 U.S.C.A. § 574. The offenders have been committed in a district other than that where the offense is to be tried. The case therefore falls squarely within the provisions of 18 U.S.C.A. § 591. It is true, the information, though expressly based on 18 U.S.C.A. § 502, is filed in the name of "The Government of the Canal Zone." This is pursuant to sections 5 and 6, Title 6 of the Canal Zone Code. Whether the crime is an offense against the United States or is merely a local offense turns not on the procedural entitlement of the case but on the nature of the crime. If it were only a local offense then it seems that extradition would be required, as has been held with respect to Alaska, Ex parte Krause, D.C.W.D. Wash., 228 F. 547, but the situation is otherwise as to a charge of a federal crime. United States v. Haskins, D.C.Cal., Fed. Cas.No.15322.

■ It therefore follows that it is immaterial whether or not section 591 is reprinted in the Canal Zone Code, and that this code does provide for extradition in Title 6, §§ 861–871. That code was established by the Act of Congress of June 19, 1934, 48 Stat. 1122, which provided that the titles therein set forth shall "be deemed to embrace, all the permanent laws relating to or applying in the Canal Zone in force on the date of the enactment of this Act, except such general laws of the United States as relate to or apply in the Canal Zone." True, an Appendix to the Code reprints the general laws supposed to be applicable, as a preface points out, and section 591 is not there contained, though it does appear in "Supplement No. 1 to Canal Zone Code and Appendix" at page 20. But there is nothing official about this compiler's Appendix and certainly nothing to prevent the application of a federal statute to a removal of one accused on federal charges from one United States court to another.

■ The constitutional issues which the appellant attempts to raise are not before us. Pursuant to 28 U.S.C.A. § 463(a) the appeal must be dismissed. It is so ordered.